Monty Lavonce DUGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–86–061–CR.

Court of Appeals of Texas, Texarkana.

March 10, 1987.

Rehearing Denied April 7, 1987.

Richard Williams, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty., Hunt County, Greenville, for appellee.

CORNELIUS, Chief Justice.

Monty Dugan appeals the revocation of his probation.

The underlying conviction was for theft of over $750.00, and the probated sentence was for ten years. One of the conditions of probation was that Dugan pay $50.00 each month for court costs, $1,800.00 restitution, and court-appointed attorney's fees. The trial court revoked probation after finding that Dugan failed to make the required payments for March and April of 1986.

On appeal Dugan contends that the order should be reversed, because the State failed to prove that he was able to make the required payments and because the court failed to consider alternative means of punishment which would serve the State's interests as effectively as revocation. We respectfully overrule these contentions.

The State proved that Dugan intentionally failed to make the March and April payments. Dugan's claim that he was financially unable to make them was an affirmative defense which he had the burden to prove by a preponderance of the evidence. *Stanfield v. State,* 718 S.W.2d 734 (Tex. Crim.App., 1986).

■ Dugan testified that he was out of a job during the months in question and that he had no checking or savings accounts. He admitted, however, that he was not disabled or handicapped, that he was able to work, and that he voluntarily quit his job. It was also undisputed that he had worked regularly during the preceding two years, during which time he had a take-home pay of $640.00 per month. His mother furnished him free room and board, and he had only minimal living expenses. There was no evidence that he was unable to procure the money from property, through borrowing, or through the help of family or friends. In these circumstances the trial court was justified in finding that Dugan failed to prove his defense of inability.

■ It is only when a probationer has made sufficient bona fide efforts to pay and has been unable to do so that the court must consider whether other means of punishment than revocation may be sufficient to serve the States's purpose. *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The record here does not support a conclusion that Dugan has made such efforts. However, the record reveals that the trial judge did consider other measures and found them inappropriate.

For the reasons stated, the judgment of the trial court is affirmed.