**Ernesto Gonzalez CORPUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–98–416–CR.**

Court of Appeals of Texas, Corpus Christi.

July 27, 2000.

Maria Estella Perez, Brownsville, for Appellant.

David W. Hartmann, Asst. County (Cr. Dist.) Atty., Yolanda De Leon, Dist. Atty., Brownsville, for Appellee.

Before Justices HINOJOSA, YAÑEZ and RODRIGUEZ.

## O P I N I O N

Opinion by Justice YAÑEZ.

This is an appeal from a trial court's decision to revoke probation and find appellant, Ernesto Gonzalez Corpus, guilty of unauthorized use of a motor vehicle. Appellant raises two issues on appeal. We affirm the judgment of the trial court.

On March 9, 1989, appellant pled guilty to theft of a vehicle valued at $12,000 from his former employer, National Rental Car (National). Appellant wrecked the vehicle; it was engulfed in flames and totaled. Appellant was sentenced to eight years confinement probated over eight years. As one of the conditions of his probation, appellant was ordered to pay $12,000 in monthly installments of $125.

On January 11, 1993, the State filed a motion to revoke probation alleging, among other things, that appellant had failed to pay restitution and had failed to report to his community supervision officer for fourteen consecutive months. The trial court continued appellant's probation with the added term that he participate in the probation department's Intensive Supervision Program for one year. On July 15, 1996, the State filed another motion to revoke probation, alleging failure to pay restitution and failure to report to his community supervision officer for seven months. The trial court extended appellant's community supervision by a year and ordered him back to the Intensive Supervision Program. On January 30, 1998, the State filed its third motion to revoke probation, alleging only a failure to pay $11,961 of the original $12,000 restitution order. Basing its decision on appellant's failure to pay all but a small portion of the $12,000 over a nine-year period, the trial court revoked appellant's probation and sentenced him to eight years confinement.

In his first issue on appeal, appellant argues that the trial court abused its discretion in revoking his community supervision based on a defense of inability to pay. In reviewing a trial court's decision to revoke probation, we must consider all the evidence in the light most favorable to the decision and determine whether the

trial court abused its discretion, and whether any rational trier of fact could have found that the defendant failed to prove his inability to pay by a preponderance of the evidence. *Jackson v. State*, 915 S.W.2d 104, 106 (Tex.App.—San Antonio 1996, no pet.). Appellant asserts that the State did not meet its burden to prove his failure to pay was intentional. The court of criminal appeals has ruled that when an appellant raises the affirmative defense of an inability to pay costs required as a condition of community supervision, the State is required to prove that the appellant intentionally failed to make the payments required as a condition of his community supervision. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp.2000); *Stanfield v. State*, 718 S.W.2d 734, 738 (Tex.Crim.App.1986). Appellant raises the affirmative defense of inability to pay for the first time on appeal.

The First Court of Appeals and the Third Court of Appeals have ruled that regardless of whether an appellant has raised the affirmative defense of inability to make payments required as a condition of probation before the trial court, the reviewing court must make an inquiry into whether an appellant's failure to pay was intentional. *Washington v. State*, 731 S.W.2d 648, 650 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Ortega v. State*, 860 S.W.2d 561, 567 (Tex.App.—Austin 1993, no pet.). To ensure due process of law, we will also make this analysis.

At the January 30, 1998 hearing on the State's motion to revoke appellant's community supervision, appellant's probation officer, JoAnn Herrera, was the only witness to testify. Herrera testified that appellant was in arrears $11,961, and that although employed, he had refused to pay. She also testified that she, as well as appellant's previous probation officers, had told appellant that he had to pay the restitution. Finally, Herrera testified that appellant had recently claimed that his attorney recommended he not pay the restitution. Appellant did not testify.

■ "A trial judge has broad discretion in determining whether to revoke community supervision, and must be the sole judge of the credibility of the witnesses before him." *Amezcua v. State*, 975 S.W.2d 688, 691 (Tex.App.—San Antonio 1998, no pet.). The testimony of the community supervision officer regarding appellant's ability to pay and his refusal to do so is sufficient evidence to show appellant's intent to not pay the restitution required by his community supervision. *Jimerson v. State*, 957 S.W.2d 875, 878 (Tex.App.—Texarkana 1997, no pet.); *Jackson*, 915 S.W.2d at 107.

■ Appellant further claims that we should consider "due process considerations of fundamental fairness" because he was just "several days shy of nine years of community service," and that the court should consider "alternative measures of punishment." We disagree. It is only when a probationer has made sufficient bona fide efforts to pay and has been unable to do so that the court must consider whether means of punishment other than revocation may be sufficient to serve the State's purposes. *Bearden v. Georgia*, 461 U.S. 660, 668–69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Dugan v. State*, 730 S.W.2d 15, 16 (Tex.App.—Texarkana 1987, pet. ref'd.). The only reason appellant's revocation was delayed is because of the leniency afforded to him by the trial court. Appellant was given a first chance when he received community supervision instead of going straight to prison. The trial court generously gave appellant two more chances, but still appellant intentionally did not fulfill the conditions of his community supervision. We overrule appellant's first issue.

■ In his second issue, appellant contends the condition of community supervision requiring restitution was vague, and questions whether insurance companies can be awarded restitution, arguing that National may be improperly profiting from the criminal system by collecting insurance

proceeds. Although appellant's briefing is neither concise nor clear, and does not organize a specific issue for our review for every subsidiary question it raises, TEX. R.APP. P. 38.1(e),(h), in the interest of justice, we will nonetheless address appellant's arguments.

The pertinent parts of appellant's Community Supervision Judgment state:

> (*l*) Pay $12,000 restitution in equal monthly instalments of $125.00 monthly each between the first and tenth day of every month beginning in the month next following the entry of this judgment and continuing until such restitution is paid in full.

It continues:

> All payments required of Probationer by this judgment shall be paid within the time specified at the Probation Office to the Probation Officer for which Probationer shall receive the Probation Officer's sequentially numbered receipt evidencing payment.

Since the order informed appellant of how, when, where, how much, and to whom he should pay, the condition was not vague and ambiguous as appellant claims.

■ We find appellant's argument that National stands to profit by enforcement of the restitution order to be without merit. We first note that appellant has offered no evidence showing that National was or will be compensated for its loss. Moreover, although the current version of the code of criminal procedure prohibits a court from ordering restitution for a loss for which the victim has received or will receive compensation,[1] no such prohibition existed in 1989 when the trial court ordered restitution as a condition of appellant's probation. *See* Act of May 27, 1993, 73rd Leg., R.S., ch. 806, § 7, 1993 Tex. Gen. Laws 3211. Accordingly, under the law in effect at the time the order was imposed, the trial court was not limited by the requirements of article 42.037(f) in or-

dering restitution. We overrule appellant's second issue.

We AFFIRM the decision of the trial court.

---

1. TEX.CODE CRIM. PROC. ANN. art. 42.037(f)(1)    (Vernon Supp.2000).