NUMBER 13-01-466-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



ROBERT ADRIAN HINOJOSA,                                                Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 103rd District Court

                                 of Cameron
County, Texas.

 



 

                                   O P I N I O N

 

                    Before Justices Dorsey, Hinojosa, and
Castillo

                                  Opinion
by Justice Castillo








This is an appeal
of the revocation of appellant Robert Adrian Hinojosa=s deferred
adjudication community supervision. 
Hinojosa pled guilty, without a plea bargain, to the offense of burglary
of a habitation[1]
and was placed on five years deferred adjudication in March of 1996.   A motion to revoke probation and adjudicate
guilt was later filed and, at the hearing on the motion, the trial court
adjudicated Hinojosa=s guilt and
sentenced him to three years confinement in the penitentiary.[2]  In his first issue, Hinojosa complains that
he did not enter a plea of true to the motion to adjudicate and the trial court
erred in not entering a plea of Anot true@ on his
behalf.  In his second, third, and fourth
issues, Hinojosa argues that without a plea of true on the part of appellant,
the evidence was legally and factually insufficient to support the trial court=s decision to
adjudicate.  In his fifth and final issue
on appeal, Hinojosa asserts that the trial court abused its discretion in
setting aside the deferred adjudication order and finding him guilty because:
a)@[a]ppellant=s plea amounted
to no evidence@; b) the
decision of the trial court was Aagainst the
great weight of the countervailing evidence@; c) revocation of probation and
imprisonment for failure to pay restitution and a fine violate due process
absent a finding of either willful refusal or that alternative forms of
punishment are not adequate as required by Bearden v. Georgia, 461 U.S.
660 (1983); and d) the trial court failed to make an inquiry as to the
defendant=s ability to
pay before revoking probation.  We
affirm.

Analysis








As this case arises
out of a trial court=s decision to
adjudicate guilt following the placing of appellant on deferred adjudication,
the first question that confronts this court is the one of our own jurisdiction
to review the claims before us.  See Tex. Code Crim. Proc. Ann. art. 42.12, '5b (Vernon Supp.
2002).[3]


Appellant=s complaints as to the
sufficiency of the evidence, raised in his enumerated issues number two, three,
and four, are clearly attacks on the trial court=s decision to adjudicate and thus are statutorily
barred from appellate review.  Tex. Code 
Crim. Proc. Ann. art.
42.12,'5b (Vernon Supp.
2002).  A trial court=s decision to proceed
with an adjudication of guilt is one of absolute discretion and is not reviewable. Williams v. State, 592 S.W.2d 931,
932-33 (Tex. Crim. App. 1979) (holding that an
appellant cannot argue on appeal that the evidence adduced at the revocation
hearing was insufficient to prove the allegations in the State's motion to adjudicate).  It is well settled that no appeal may be
taken of a trial court=s determination to
adjudicate guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, '5(b)(Vernon Supp.
2002);  Phynes
v. State, 828 S.W.2d 1, 2 (Tex. Crim. App.
1992).  We thus have no jurisdiction to
consider appellant=s issues two, three
and four. 








Similarly, appellant=s assertion in his
first issue that he never entered a plea of true and the trial court improperly
entered a plea of true on his behalf, goes to the question of error in the
adjudication hearing process and is likewise not reviewable.
 Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999)(holding that an appellant
whose deferred adjudication has been revoked and who has been adjudicated
guilty Amay not raise
on appeal contentions of error in the adjudication of guilt process,@ not just in
the decision to adjudicate)(emphasis added).[4]  We therefore likewise have no jurisdiction to
consider appellant=s first issue.

Appellant=s final issue claims
that the trial court abused its discretion in revoking his deferred
adjudication probation and sentencing him to the penitentiary.  He subdivides his issue into four complaints.  The first two complaints, subissues
AA@ and AB,@ that the trial court
abused its discretion because appellant=s Aplea amounted to no
evidence@ and even if it was
evidence, the decision was Aagainst the great
weight of the countervailing evidence,@ mirror his first two
issues on appeal and are attempts to contest the trial court=s decision to proceed
with the adjudication of guilt.  As noted
previously, we are without jurisdiction to consider such contentions.  See Tex.
Code Crim. Proc. Ann. art. 42.12, '5b (Vernon Supp.
2002).  Appellant=s sub-issue AD,@ complaining of the
trial court=s action in revoking
appellant=s deferred
adjudication without inquiring as to his ability to pay, is an attack on the
trial court=s decision to
adjudicate and the process of adjudication and hence likewise not reviewable on appeal.  Id.; 
Connolly, 983 S.W.2d at 741.  








Appellant=s third sub-issue,
designated as AC,@ challenges both the
trial court=s decision to revoke
the deferred adjudication and the trial court=s decision to enter a sentence of imprisonment,
claiming that the same were violations of due process.  While the challenge to the trial court=s decision to
adjudicate is unreviewable under the bar of article
42.12, '5b, we may consider
the challenge to the trial court=s actions after a
finding of guilt.  Tex. Code Crim. Proc. Ann. art. 42.12, '5b (Vernon Supp.
2002)(A[a]fter
an adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant=s appeal continue as
if the adjudication of guilt had not been deferred.@);  Issa v. State,
826 S.W.2d 159, 161(Tex. Crim. App. 1992)(holding a
defendant does have a limited right to challenge errors made following a
determination to adjudicate). 








Appellant intermingles
his arguments as to the trial court=s error in
adjudicating  his guilt (which we may not
review) and the trial court=s decision to imprison
him (which we may review), under the general argument that the trial court
erred in Arevoking Appellant=s community
supervision, adjudicating him guilty, and sentencing him to the penitentiary.@  Appellant argues that Bearden
requires the trial court to make two findings, the first being a finding of
willful refusal to pay, prior to revoking probation.[5]  However, such a finding would clearly go to
the question of a trial court=s decision to adjudicate
as the question of willful refusal to pay simply parallels the existing
requirement in Texas that the State must prove that Aan alleged failure to
pay fees, costs, and the like was intentional@ in order to support a finding of Atrue@ in a motion to
revoke.  Stanfield v. State, 718
S.W.2d 734, 738 (Tex. Crim. App. 1986).  Since we may not review the trial court=s decision to
adjudicate or the process by which it chose to do so, we cannot consider
appellant=s claim that the trial
court erred in Arevoking@ his deferred
adjudication without making a finding as to his willful refusal to pay.  Tex.
Code Crim. Proc. Ann. art.
42.12, '5(b)(Vernon Supp.
2002);  Connolly, 983 S.W.2d at
741; Phynes, 828 S.W.2d at 2.








 The second Bearden requirement that
appellant asserts was violated is the determination by the trial court that
alternative forms of punishment were not available.  Bearden, 461 U.S. at 672.  This complaint apparently is aimed at the
trial court=s actions at the
sentencing portion of the hearing and hence is not barred from appellate review
by article 42.12, '5b as discussed
previously.  We note, however,  that appellant made no complaint to the trial
court of its alleged failure and that even constitutional claims may be waived
by a failure to object at trial.  Briggs
v. State,  789 S.W.2d 918, 924 (Tex. Crim. App. 1990). 
However, even if we review such claim in the interest of justice, the
requirement to consider other means of punishment only arises when a
probationer has made bona fide efforts to pay and has been unable to do so.  Corpus v. State, 26 S.W.3d 660, 662 (Tex.
App.BCorpus Christi 2000,
no pet.).  The trial court in the present
case made no such finding and the appellant below made no such argument.  Appellant argued at the hearing that he had
been dealing with his drug problems but did not say that he had not been able
to pay nor that he had made good faith attempts to do so.  Indeed, his testimony supported the
State=s argument that, over
most of the five years of his deferred adjudication, appellant had been using
drugs and thus had impliedly chosen to spend his money on drugs rather than his
court-ordered fines and restitution.   We find that the trial court in the present
case was not required to make any specific findings that other alternatives to
imprisonment were not adequate.[6]  We overrule this issue.

Conclusion

Having found that all
but one of appellant=s claims are barred
from appellate review, and having overruled appellant=s sole reviewable claim, we affirm the conviction and sentence of
the trial court.                                                 

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 13th day of June,
2002.











[1]Tex. Pen. Code Ann. '30.02(a)(1)(Vernon Supp. 2002).





[2] The
State alleged that Hinojosa was in violation of the conditions of his community
supervision due to arrearages as follows: $300 in probation fees; $9,130 in
restitution; and $123 in the PSI fee. 





[3]
We invited both parties to submit additional briefs on this issue.  None have been filed.





[4]
We note that during the proceedings, neither appellant nor his attorney objected
to any part of the proceedings, including the alleged failure of appellant to
enter a plea.





[5]
Specifically, the Supreme Court stated:

 

We
hold, therefore, that in revocation proceedings for failure to pay a fine or
restitution, a sentencing court must inquire into the reasons for the failure
to pay.  If the probationer willfully
refused to pay or failed to make sufficient bona fide efforts legally to
acquire the resources to pay, the court may revoke probation and sentence the
defendant to imprisonment within the authorized range of its sentencing
authority.  If the probationer could not
pay despite sufficient bona fide efforts to acquire the resources to do so, the
court must consider alternative measures of punishment other than
imprisonment.  Only if alternative
measures are not adequate to meet the State=s
interests in punishment and deterrence may the court imprison a probationer who
has made sufficient bona fide efforts to pay. 
To do otherwise would deprive the probationer of his conditional freedom
simply because, through no fault of his own, he cannot pay the fine. Such a
deprivation would be contrary to the fundamental fairness required by the
Fourteenth Amendment.

 

Bearden v. Georgia, 461
U.S. 660, 672-73 (1983).





[6] We
note, however, that the trial court had considered, and utilized, other
alternatives to incarceration in prior dealings with appellant on this
case.  The record reflects that the trial
court had previously modified appellant=s
probation on two prior occasions to send him to drug treatment and boot
camp.  However, according to the State=s
comments at the revocation hearing, which were not contested by appellant,
appellant was still testing positive for cocaine and marijuana use as little as
a week before the revocation hearing.