NUMBER 13-02-269-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

__________________________________________________________________

JOE CORTEZ , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________

On appeal from the 103rd District Court

of Cameron County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez




 Appellant, Joe Cortez, brings this appeal following the revocation of his community supervision. The trial
court has certified that this case "is not a plea-bargain case and the defendant has the right of appeal." See
Tex. R. App. P. 25.2(a)(2). By two issues, appellant contends the trial court erred by: (1) denying his
affirmative defense of inability to pay; and (2) summarily denying his "Motion For Reasonable Bail Pending
Appeal." We affirm. 

I. FACTS

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here
except as necessary to advise the parties of the Court's decision and the basic reasons for it. See Tex. R. App.
P. 47.4.II. REVOCATION OF COMMUNITY SERVICE

 By his first issue, appellant contends the trial court erred by denying his affirmative defense of inability to pay
and subsequently revoking his community supervision.

A. Standard of Review

 Trial courts are vested with discretion to revoke an individual's community supervision. See Herrera v. State,
951 S.W.2d 197, 199 (Tex. App.-Corpus Christi 1997, no pet.). At revocation hearings, the State bears the
burden of proving by a preponderance of the evidence all alleged violations contained in its motion to revoke.
Cochran v. State, 78 S.W.3d 20, 28 (Tex. App.-Tyler 2002, no pet.) (citing Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993)). The trial court is the sole judge in determining the credibility of witnesses and
determines whether the allegations in the motion to revoke are true. Martinez v. State, 6 S.W.3d 674, 680
(Tex. App.-Corpus Christi 1999, no pet.) (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
[Panel Op.] 1981)). Pleas of true, standing alone, support revocation of community supervision. Cole v.
State, 578 S.W.2d 127,128 (Tex. Crim. App. [Panel Op.] 1979);Rivera v. State, 688 S.W.2d 659, 660 (Tex.
App.-Corpus Christi 1985, no pet.). 

 When, as in this case, appellant raises the affirmative defense of inability to pay, it is his burden to prove this
defense by a preponderance of the evidence. See Stanfield v. State, 718 S.W.2d 734, 737 (Tex. Crim. App.
1986); Corpus v. State, 26 S.W.3d 660, 662 (Tex. App.-Corpus Christi 2000, no pet.). The State, then, must
prove appellant's failure to pay was intentional. See Stanfield, 718 S.W.2d at 738; cf. Corpus, 26 S.W.3d at
662 (even if appellant did not raise affirmative defense of inability to pay, reviewing court must make an
inquiry into whether any failure to pay was intentional to satisfy due process requirements). We examine the
record in the light most favorable to the trial court's ruling. Corpus, 26 S.W.3d at 662 (citing Jackson v.
State, 645 S.W.2d 303, 304 (Tex. Crim. App. 1983)).B. Analysis

 The State filed a "Motion to Revoke Community Supervision Probated Sentence" on February 3, 1999,
alleging appellant was arrested for the offense of grand theft in Florida and that he was in arrears in the
amount of $24,220.00 in restitution payments. Appellant entered more than fourteen exhibits into evidence to
show his inability to pay, including: bank statements; utility bills; an Internal Revenue Service statement; and
other proof of expenses. See Tex. Code Crim. Proc. Ann. art. 42.12 § 21(c) (Vernon Supp. 2003); Stanfield,
718 S.W.2d at 737. However, appellant did not present any documents showing his income over the nine
years he was on community supervision, only his debts. See Reyes v. State, 752 S.W.2d 591, 592 (Tex.
App.-Corpus Christi 1987, no pet.) (citing Hill v. State, 719 S.W.2d 199, 201 (Tex. Crim. App. 1986)). We
conclude appellant failed to prove by a preponderance of the evidence his inability to pay as ordered. See
Corpus, 26 S.W.3d at 662. 

 Moreover, the State provided evidence that appellant's failure to pay was intentional. Appellant made only
one payment in the amount of $1,250.00, while his monthly salary was in excess of $8,000.00. Appellant's
own testimony shows he did not make more than a minimal payment toward court ordered monetary
conditions, and he was unable to offer an explanation for his failure to pay even when he was gainfully
employed. In addition, after his community supervision was revoked, appellant produced the substantial sum
of $10,000.00 to apply toward his delinquent restitution payments. We conclude the State met its burden of
proving appellant's failure to pay was intentional. See Stanfield, 718 S.W.2d at 738; see also Corpus, 26
S.W.3d at 662. 

 Appellant pled true to failure to pay restitution as ordered. His plea of true is sufficient ground to support
the revocation of his community supervision. See Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App.
1979). If there is any evidence to support the trial court's finding of a single community supervision violation,
the revocation order will be upheld. Cochran, 78 S.W.3d at 28 (citing Becker v. State, 33 S.W.3d 64, 66-67
(Tex. App.-El Paso 2000, no pet.)).

 Thus, we find that the trial court did not abuse its discretion in revoking appellant's community supervision. 
See Herrera, 951 S.W.2d at 199. Appellant's first issue is overruled. (1) 

IV. CONCLUSION

 Accordingly, we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 14th day of August, 2003.

 

1. Because appellant's first issue is dispositive, we need not reach his remaining issue which is rendered moot. 
Tex. R. App. P. 47.1; See Tex. Code Crim. Proc. Ann. art. 44.04(g) & (h).