Leal v. SOT
















NUMBER 13-03-00591-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

PAULA ALCANTAR LEAL,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the County Court at Law Number One
of Victoria County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          On June 2, 2000, appellant, Paula Alcantar Leal, pleaded guilty to the offense of
theft by check in the amount of $20 or more, but less than $500.


 After accepting her plea
and hearing evidence, the trial court: (1) found appellant guilty; (2) assessed her
punishment at confinement in the Victoria County Jail for 180 days and a $100 fine; (3)
suspended the jail sentence; and (4) placed her on community supervision for two years. 
As part of appellant’s community supervision, the trial court imposed the following
conditions:•         Pay the sum of $40.00 per month Supervision Fee, each and every
month during the term of [appellant’s] community supervision, with
payments beginning 07-03-00 through the Local Department having
jurisdiction.
 
•         Pay restitution in the amount of $2,421.16 at $110.05 per month
beginning 07-03-00 through the Local Department having jurisdiction.
 
•         Pay [the] fine of $100.00 at $4.55 per month beginning 07-03-00
through the Local Department having jurisdiction.
 
•         Pay Court Costs in the amount of $287.25 at $13.06 per month
beginning 07-03-00 through the Local Department having jurisdiction.
 
          Later, the State filed a motion to revoke appellant’s community supervision. On
April 30, 2002, the trial court signed an agreed order extending appellant’s community
supervision.
          On December 12, 2002, the State again filed a motion to revoke appellant’s
community supervision. The motion alleged appellant had violated the aforementioned
conditions of her community supervision. Appellant pleaded “not true” to the allegations
in the State’s motion. After hearing evidence, the trial court found the allegations to be
true, revoked appellant’s community supervision, and sentenced appellant to 180 days in
the Victoria County Jail. The trial court has certified that this case “is not a plea-bargain
case and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2).
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
          In a single issue, appellant contends the trial court erred in revoking her community
supervision because the ability to pay was not established by a preponderance of the
evidence. Trial courts are vested with discretion to revoke an individual's community
supervision. See Herrera v. State, 951 S.W.2d 197, 199 (Tex. App.–Corpus Christi 1997,
no pet.). At revocation hearings, the State bears the burden of proving by a
preponderance of the evidence all alleged violations contained in its motion to revoke.
Cochran v. State, 78 S.W.3d 20, 28 (Tex. App.–Tyler 2002, no pet.) (citing Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). The trial court is the sole judge in
determining the credibility of the witnesses and determines whether the allegations in the
motion to revoke are true. Martinez v. State, 6 S.W.3d 674, 680 (Tex. App.–Corpus Christi
1999, no pet.) (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981)). 
          When, as in this case, appellant raises the affirmative defense of inability to pay, it
is the appellant’s burden to prove this defense by a preponderance of the evidence. See
Stanfield v. State, 718 S.W.2d 734, 737 (Tex. Crim. App. 1986); Corpus v. State, 26
S.W.3d 660, 662 (Tex. App.–Corpus Christi 2000, no pet.). The burden then shifts to the
State to prove that appellant's failure to pay was intentional. See Stanfield, 718 S.W.2d
at 738; cf. Corpus, 26 S.W.3d at 662 (even if appellant did not raise affirmative defense
of inability to pay, reviewing court must make inquiry into whether any failure to pay was
intentional to satisfy due process requirements). We examine the record in the light most
favorable to the trial court's ruling. Corpus, 26 S.W.3d at 662 (citing Jackson v. State, 645
S.W.2d 303, 304 (Tex. Crim. App. 1983)).
          Community Supervision Officer Janelle Nugent testified that appellant had made
only four payments toward her fine, court costs, and restitution: (1) $111.62 on August 3,
2000; (2) $20 on December 29, 2000; (3) $200 on August 19, 2002; and (4) $600 on
February 21, 2003. Nugent discussed the delinquent amounts with appellant on July 11,
2000, August 28, 2000, September 20, 2000, January 31, 2001, January 23, 2002, April
21, 2002, September 25, 2002, October 30, 2002, November 27, 2002, January 7, 2003,
and March 31, 2003. Each time, appellant promised to pay and when she failed to pay,
made various excuses including: (1) she forgot; (2) she gave the money to her daughter;
and (3) she had to use the money to bond out of jail. Nugent said she had made several
inquiries regarding appellant’s financial situation, but appellant never responded.
          The record shows appellant receives $572 per month in social security benefits. In
addition, while on community supervision, appellant received checks in the following
amounts: (1) $107; (2) $400; (3) $90; and (4) $474. The State produced evidence showing
that during the time appellant was on community supervision, an account was opened in
appellant’s name at First National Bank with an initial deposit of $4,034. The record shows
that during the time appellant was on community supervision, at least six deposits, ranging
from $50 to $1282.56, were made into that account. Appellant also wrote checks to
numerous restaurants, Enterprise Rent-a-Car, Academy, ColorTyme, Gift Gallery, Debbie
Bennet Green Dance Studio, and Hi-Pro during that time period. Also, several checks
were written in the cities of San Antonio, El Campo, and Katy. 
          Appellant testified that some of the checks were written by her daughter; however,
she gave her daughter permission to do so. Some of the checks were loans to her
daughter, but her daughter repaid the loans. Appellant lives with her daughter, her
daughter’s boyfriend, and her grandchildren. She pays $363 per month for rent, plus bills.
          Considering the evidence that appellant received social security benefits, was able
to post a $1,000 bond to get out of jail, and given her failure to produce any evidence
documenting her living expenses, we conclude the trial court did not abuse its discretion
in determining that appellant failed to establish inability to pay fees, costs, and restitution
by a preponderance of the evidence. Moreover, because the evidence showed appellant
had the ability to pay, but chose to spend her money elsewhere, we hold the State
established that appellant’s failure to pay was intentional. Appellant’s sole issue is
overruled.
          We affirm the trial court’s order revoking community supervision.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
12th day of August, 2004.