ACCEPTED
01-15-00133-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/27/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

**NO. 01-15-00133-CR**

**IN THE COURT OF APPEALS
FOR THE FIRST SUPREME JUDICIAL DISTRICT
OF TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/27/2015 8:08:00 AM
CHRISTOPHER A. PRINE
Clerk

_____

**DEZMOND MARTIN GARCIA**

**APPELLANT**

**VS.**

**THE STATE OF TEXAS**

**APPELLEE**

_____

**APPELLANT'S BRIEF**

Crespin Michael Linton
440 Louisiana, Suite 900
Houston, Texas 77002
Texas Bar No. 12392850
(713) 236-1319
(713) 236-1242 (Fax)
crespin@hal-pc.org

# LIST OF PARTIES

The Appellant is Dezmond Martin Garcia.

The Appellant's counsel at trial was Wendy Baker.

The Appellant's counsel on appeal is Crespin Michael Linton.

The Trial Judge is The Honorable Renee Magee.

The appellate attorney representing the State is Alan Curry, Assistant District Attorney, Harris County, Texas.

# TABLE OF CONTENTS

List of Parties ……………………………………………… i

Table of Contents …………………………………………. ii

Table of Citations ……………………………………… iv

Preliminary Statement ………………………………….. 1

Statement of Facts ………………………………………. 1

A. State's Witnesses …………………………………… 2

    1. Michelle Nelson………………………………….. 2

    2. Michael Medina…………………………………. 4

B. Defense's Witnesses ………………………………… 5

    1. Carlos Huerta…………………………………. 5

    2. Janie Gonzales……………………………….. 6

C. Trial Court's Ruling ……………………………. 7

Points of Error ……………………………………………… 8

Point of Error Number One …………………………………. 9

Argument and Authorities on
    Point of Error Number One ……………………………….. 9

Point of Error Number Two ………………………………… 13

Argument and Authorities on
 Point of Error Number Two    ……………………    13


Conclusion …………………………………………    15


Certificate of Service …………………………….    15

# TABLE OF CITATIONS

## CASES

**Battle v. State**, 571 S.W.2d 20, 22
(Tex. Crim. App. 1978)………………………………….. 9

**Buerger v. State,** 60 S.W.3d, 358, 365
(Tex. App. – Houston [1st Dist.] 2001, review ref'd.)………. 13

**Corpus v. State**, 26 S.W.3d 660, 662
(Tex. App. – Corpus Christi 2000, no writ)………….…. 13

**Moore v. State**, 11 S.W.3d 495, 498
(Tex. App. – Houston [14th Dist.] 2000, no pet.)…………. 9

**Rickels v. State**, 202 S.W.3d 759,763
(Tex. Crim. App. 2006)……………….………………… 10

**Staten v. State**, 328 S.W.3d 901, 905
(Tex. App. – Beaumont 2010, no pet.)…………………….. 9

## CONSTITUTION

U.S. Const., Art. I, § 8 ……………………………….…. 13

Tex. Const., Art. I, § 13 ……………………………………… 13

## PRELIMINARY STATEMENT

On January 7, 2015, Appellant, Dezmond Martin Garcia, pleaded "Not True" to 6 allegations and "True" to 3 allegations that he had violated the conditions of his 4 year deferred adjudication community supervision for Aggravated Assault. After an adjudication hearing, the trial court found that Garcia had violated 5 of the conditions of his community supervision, and assessed a punishment of 8 years in the Texas Department Of Criminal Justice. On February 4, 2015, Garcia perfected his appeal.

## STATEMENT OF FACTS

On May 4, 2011, Appellant Dezmond Martin Garcia, pleaded guilty to the felony offense of Aggravated Assault, and the trial court assessed a punishment of 5 years deferred adjudication community supervision. (TR. at 28) On March 7, 2013, the Harris County District Attorney's Office filed its Motion To Adjudicate Guilt. (TR. at 33) On September 18, 2014, the Harris County District Attorney's Office filed its Amended Motion To Adjudicate Guilt in which it alleged that Garcia had violated nine conditions of his community supervision by 1) giving a fictitious name to a peace officer, 2) failing to report to his community supervision officer, 3)

1

failing to perform his community service restitution hours, 4) failing to pay supervision fees, 5) failing to pay fines and court costs, 6) failing to pay laboratory fees, 7) failure to pay for his offender identification card, 8) failure to pay the Crimestopper's fee, and 9) failure to participate in Anger Management meetings. (TR. at 35) On January 7, 2015, the Appellant pleaded "Not True" to allegations 1, 3, 4, 7, 8, and 9 and pleaded "True" to allegations 2, 5, and 6. (R.R. Vol. 2 at 8-12)

## A. State's Witnesses

### 1. Michelle Nelson

Michelle Nelson testified that she used to work as a supervision officer for the Harris County Community Supervision and Corrections Department and personally supervised Appellant for some of his probation which he began on May 4, 2011. (R.R. Vol. 2 at 13-15) Nelson stated that Appellant had absconded and that his probation had not been terminated. (R.R. Vol. 2 at 16) She testified that Appellant acknowledged that he understood the conditions of his probation as late as August 27, 2012 when she explained the requirements to him. (R.R. Vol. 2 at 18) Nelson stated that Appellant failed to report to his probation officer for the following months: September 2012, October 2012, November 2012, December 2012, January 2013, and February 2013. (R.R. Vol. 2 at 19)

Nelson testified that Appellant failed to perform community service restitution hours for the following months:  September 2012, October 2012, November 2012, December 2012, January 2013, and February 2013.  (R.R. Vol. 2 at 20)  She testified that Appellant failed to pay supervision fees, fines and court costs, and laboratory fees for the following months: September 2012, October 2012, November 2012, December 2012, January 2013, and February 2013.  (R.R. Vol. 2 at 21-22)  She stated that Appellant also failed to pay for his $12.50 offender identification card, $50.00 Crimestopper's fee, and failed to participate in his anger management classes.  (R.R. Vol. 2 at 22)  Nelson testified that a motion to adjudicate guilt was filed on August 28, 2012, and an amended motion to adjudicate guilt was filed on September 28, 2014.

On cross-examination, Nelson admitted that she left the Harris County Community Supervision and Corrections Department in December of 2012 and has no personal knowledge of Appellant's caseload after that date.  (R.R. Vol. 2 at 24)  She admitted that the case file had no evidence to support the allegation that Appellant failed to report to his probation officer in September of 2012.  (R.R. Vol. 2 at 25)  Nelson also conceded that a further review of the case file showed that Appellant

3

paid his Crimestopper's fee and offender identification card fee on March 4, 2012. (R.R. Vol. 2 at 33) She admitted that a further review of the case file shows that Appellant was only $537.50 in arrears for his supervision fees and not the alleged $1,197.00. (R.R. Vol. 2 at 37) Nelson conceded that she resigned her job as a probation department employee because of mismanagement of probation files. (R.R. Vol. 2 at 41) She also admitted that the case file was missing certain documents which would have helped the court in this hearing. (R.R. Vol. 2 at 42) On redirect examination, Nelson stated that the probationer's payment history is calculated by a computer. (R.R. Vol. 2 at 42)

### 2. Michael Medina

Harris County Sheriff's Deputy Michael Medina testified that on September 2, 2014, he conducted a traffic stop on a Mercedes in which Appellant was the front seat passenger. (R.R. Vol. 2 at 43-46) Medina stated that he saw the driver named Zermano hand Appellant an unknown object inside the vehicle. (R.R. Vol. 2 at 47) He testified that Appellant claimed that he did not have any identification and stated that his name was Dimas Saenz with a birthdate of 7/15/88. (R.R. Vol. 2 at 48) Medina testified that he could not locate any information with that name and

4

birthdate after a computer check.  (R.R. Vol. 2 at 48)  He stated that Appellant was not wearing a seatbelt and dropped his cell phone and an orange pill bottle as he exited the vehicle.  (R.R. Vol. 2 at 49-50)  Medina testified that the pill bottle contained 19 clear plastic baggies of cocaine which weighed about 6.5 grams.  (R.R. Vol. 2 at 51)  He stated that a fingerprint check of the Appellant at the police station revealed that Appellant's name was Dezmond Garcia who had an outstanding warrant for his arrest.  (R.R. Vol. 2 at 52)

On cross-examination, Medina stated that Appellant never volunteered his correct name and birthdate.  (R.R. Vol. 2 at 56)  He admitted that he did not see the object that Zermano handed to Appellant, but claimed that Appellant dropped both the pill bottle and his cell phone as he exited the vehicle.  (R.R. Vol. 2 at 61)  Medina conceded that he opened the pill bottle because he believed it contained contraband.  (R.R. Vol. 2 at 67)

## B.    Defense Witnesses
### 1.    Carlos Huerta
Carlos Huerta testified that he operates a refrigeration business and that Appellant is his nephew.  (R.R. Vol. 3 at 6)  Huerta stated that Appellant is a good boy who often worked for him during the busy summer

months. (R.R. Vol. 3 at 7) He explained that his nephew is a good family man who has a pregnant wife and 3 daughters. (R.R. Vol. 3 at 8) Huerta acknowledged that he will have job available for Appellant if the court reinstates him on probation. (R.R. Vol. 3 at 9)

On cross-examination, Huerta stated that that Appellant had no physical impediments to working. (R.R. Vol. 3 at 11) He admitted that he was not aware of Appellant's criminal activities. (R.R. Vol. 3 at 11)

### 2. Janie Gonzales

Janie Gonzales testified that she and Appellant have 3 daughters named Emily, Evelyn, and Emery. (R.R. Vol. 3 at 12) She admitted that she did not know that her husband had stopped reporting to his probation officer. (R.R. Vol. 3 at 52) Gonzales explained that he stopped reporting to his probation officer because he had to work to support his family. (R.R. Vol. 3 at 14) She testified that she is pregnant with their son who is due in a month. (R.R. Vol. 3 at 15-16) Gonzales stated that they lost their apartment soon after he was arrested. (R.R. Vol. 3 at 17) She promised that she would ensure that her husband would faithfully report to his probation officer if the court allows him to return home. (R.R. Vol. 3 at 17) Gonzales described Appellant as a good father who attended his children's medical appointments. (R.R. Vol. 3 at 19)

On cross-examination, Gonzales admitted that she cannot follow her husband everywhere. (R.R. Vol. 3 at 20) She conceded that she did not know if his work hours conflicted with his probation requirements. (R.R. Vol. 3 at 21)

## C.    Trial Court's Ruling

After arguments of counsel, the trial court found that the following 5 allegations to be True: 1) that Appellant gave a peace officer a fictitious name, that he failed to report to his supervision officer, 2) that he failed to perform community service hours, 3) that he failed to pay his supervision fees, 4) that he failed to pay fines and court costs, and 5) that he failed to pay his laboratory fees. (R.R. Vol. 3 at 24-25) The trial court found the other 4 allegations to be Not True. (R.R. Vol. 3 at 24-25) The trial court adjudicated Garcia guilty of Aggravated Assault and sentenced him to 8 years in the Texas Department Of Criminal Justice and a fine of $500.00. (R.R. Vol. 3 at 26) Appellant perfected his appeal on February 7, 2015. (TR. at 46)

# POINTS OF ERROR

**POINT OF ERROR ONE:**

The evidence was insufficient to support the trial court's revocation of Appellant's community supervision for violation of a condition of supervision.

**POINT OF ERROR TWO:**

The trial court erred by assessing a sentence against Appellant which was excessive and disproportionate to the crime committed.

# POINT OF ERROR NO. 1

## THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S REVOCATION OF APPELLANT'S COMMUNITY SUPERVISION FOR VIOLATION OF A CONDITION OF SUPERVISION

"In a hearing on a motion to revoke probation, the State must prove every element of the ground asserted for revocation by a preponderance of the evidence." **Moore v. State**, 11 S.W. 3d 495, 498 (Tex. App. – Houston [14th Dist.] 2000, no pet.) To meet the State's burden of proof, the greater weight of the evidence must create a reasonable belief that the defendant violated a condition of probation. **Id**. at 498. "The State satisfies its burden when the greater weight of the evidence before the trial court creates a reasonable belief demonstrating it is more probable than not that the defendant has violated a condition of his community supervision." **Staten v. State**, 328 S.W.3d 901, 905 (Tex. App. – Beaumont 2010, no pet.) The trial court is the sole trier of fact and also determines the credibility of the witnesses and the weight to be given their testimony. **Battle v. State**, 571 S.W.2d 20, 22 (Tex. Crim. App. 1978) The appellate court examines whether the trial court

abused its discretion in revoking the appellant's probation. **Rickels v. State**, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

Appellant contends that the State failed to prove by a preponderance of the evidence the five allegations which the trial court found to be true.

## Fictitious Name

Deputy Medina testified that Appellant gave him a false name and birthdate. (R.R. Vol. 2 at 48) However, Medina admitted that Appellant may have told his real name and birthdate to Deputy McClerkin before he was fingerprinted based on an entry in Medina's supplemental report. (R.R. Vol. 2 at 58)

## Failure To Report, Perform Community Service, Pay Fine & Courts, and Pay Laboratory Fees

While Nelson testified that Appellant violated his probation by failing to report, perform community service, pay fines and courts, and pay laboratory fees, she admitted that she was simply testifying from a copy of the amended motion to adjudicate guilt and based on the contents of the probation officer's case file. (R.R. Vol. 2 at 25) In fact, Nelson admitted that she had no personal knowledge of the case file

10

because she had resigned from the Harris County Community Supervision and Corrections Department in December of 2012 for mismanagement of probationer's case files. (R.R. Vol. 2 at 41) She even conceded that many important documents were missing from Appellant's case file that would have assisted the court in this adjudication hearing. (R.R. Vol. 2 at 42) In addition, Nelson grudgingly admitted that she was wrong when she testified that Appellant had not paid the Crimestopper's fee and the offender identification card fee. (R.R. Vol. 2 at 33)

Appellant contends that Medina's admission that Appellant may have given his true name to Deputy McClerkin before fingerprinting is not sufficient proof that Appellant violated his probation by providing a fictitious name to police. Appellant also contends the Nelson's testimony was not sufficient to prove that Appellant violated the 4 listed conditions because Nelson had no personal knowledge of the case file and because her testimony lacked credibility because of her resignation for mismanagement of probationer's case files. The prosecutor should have introduced testimony from a probation officer who was familiar with Appellant's case file instead of a former employee who resigned under pressure for incompetence. Appellant contends that the trial court erred

by adjudicating Appellant's guilt based on the questionable testimony of a discredited witness.

Based on the foregoing, Appellant contends that the trial court abused its discretion by finding the allegations to be true and revoking Appellant's community supervision.  Therefore, Appellant requests the court reverse and remand this case for a new trial.

**POINT OF ERROR NO. 2**

**THE TRIAL COURT ERRED BY ASSESSING A SENTENCE AGAINST APPELLANT WHICH WAS EXCESSIVE AND DISPROPORTIONATE TO THE CRIME COMMITTED**

Appellant contends that the sentence assessed against him was excessive and disproportionate to the crime committed. "If the trial court assesses a punishment within the statutorily prescribed limits, the punishment is not cruel and unusual and generally will not be disturbed on appeal." **Buerger v. State**, 60 S.W. 3d 358, 365 (Tex. App. – Houston [1st Dist.] 2001, review ref'd). "A trial judge has broad discretion in determining whether to revoke community supervision, and must be the sole judge of the credibility of the witnesses before him." **Corpus v. State**, 26 S.W.3d 660, 662 (Tex. App. – Corpus Christi 2000). However, Appellant contends that the trial court's punishment was disproportionate to the crime committed and did violate his constitutional rights under the Eighth Amendment to the United States Constitution and Article I, Section Thirteen of the Texas Constitution.

By revoking Appellant's probation, the court has penalized Appellant for ignoring his community supervision requirements by working to support his wife and three children. To make matters more difficult for his family, Appellant is now the father of a fourth child born while he was in jail to a wife who lost the family's apartment because her husband could no longer financially provide for the family. The trial court had the discretion to sentence Garcia anywhere from a minimum of 2 years in prison to a maximum of 20 years in prison. The trial court also had the discretion to reinstate Garcia on probation after hearing testimony that Appellant was a good husband and father who tried his best to support his family. By assessing Garcia the lengthy sentence of 8 years and by rejecting the reinstatement of his probation, the trial court failed to consider that Garcia had valid reasons for not fulfilling all of the requirements of his probation. By not reinstating Appellant on probation or by not sentencing him closer to the low end of the punishment range, the trial court administered an excessive and disproportionate sentence for the community supervision conditions which Appellant violated.

## CONCLUSION

For the reasons stated, Appellant Garcia prays the Court to reverse and acquit or in the alternative to reverse and remand this cause for a new trial.

Respectfully submitted,

_/s/ Crespin Michael Linton_
Crespin Michael Linton
440 Louisiana, Suite 900
Houston, Texas  77002
Texas Bar No.  12392850
(713) 236-1319
(713) 236-1242 (Fax)

## CERTIFICATE OF COMPLIANCE

I hereby certify that Appellant's Brief, as calculated under Texas Appellate Rule of Appellate Procedure 9.4, contains 2,982 words as determined by the Word program used to prepare this document.

_/s/ Crespin Michael Linton_
Crespin Michael Linton

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 26th day of May 2015, a true and correct copy of the foregoing Appellant's Brief was served by E-service in compliance with Local Rule 4 of the Court of Appeals or was served in compliance with Article 9.5 of the Rules of Appellate Procedure delivered to the Assistant District Attorney of Harris County, Texas, 1201 Franklin Street, Suite 600 Houston, Texas 77002 at curry_alan@dao.hctx.net.

_/s/_Crespin Michael Linton_
Crespin Michael Linton

15