Juan Martinez, Beeville, for appellant.

Steven G. Paulsgrove, Co. Atty., Goliad, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

**Esther REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–235–CR.**

Court of Appeals of Texas, Corpus Christi.

June 16, 1987.

OPINION

DORSEY, Justice.

This is an appeal from a revocation of probation. Appellant originally pled guilty to the offense of theft by check and was sentenced to 90 days in jail plus a $500.00 fine, both of which were probated. The State sought to revoke probation on the sole ground of appellant's failing to pay the ordered fine, restitution, and supervisory fees. Her defense was her inability to pay. After a hearing, the trial court found that

she had violated the terms of her probation and revoked it. We reverse and remand.

■ In a revocation of probation where the grounds for revocation are the failure to pay fees, costs, or restitution, the inability of the probationer to make the payments as ordered is an affirmative defense which must be proven by a preponderance of the evidence by the probationer. Tex.Code Crim.Proc.Ann. art. 42.12 § 8(c) (Vernon Supp.1988); *see also Stanfield v. State,* 718 S.W.2d 734, 737 (Tex.Crim.App.1986).

The order placing appellant on probation required her to pay $810.00 in restitution in weekly payments of $60.00, plus $25.00 per week to be applied towards the fine, supervisory fees of $30.00 per month, and costs. The motion to revoke alleged that appellant owed $385.00 of her fine, $125.00 in supervisory fees, and $810.00 in restitution. Roberto Ruiz, her probation officer, testified that appellant is behind one month on her supervisory fee and owed the entire amount of her restitution and fine. He testified that she had made attempts to pay each month in $10.00 and $15.00 increments and that his record reflected that she paid approximately $20.00 per month. She was placed on probation in September, 1986, and the motion for revocation was filed in January, 1987. The revocation was tried on May 19, 1987.

Appellant testified that she was unable to pay any more than she had paid the probation department. She was working one hour per day cleaning a physician's office and earning $190.00 per month. She is married and her husband is employed sporadically as a yardman. She is twenty-three years old and had completed three years of college. She testified she had applied for jobs other than the cleaning job at two banks and at a state park. She and her husband were living with her parents. They did not own a car because they could not afford one, but she used an automobile that was borrowed. She testified that she could not borrow the money to pay her fees and fine.

Appellant's husband testified that appellant had gone to Beeville and Victoria to search for work, but nothing was available.

At the time of the hearing, he was working erratically doing yard work, making about $105.00 per week. He stated that he had to pay his probation fees from his salary.

The evidence that appellant was unable to pay the assessed costs, fine, and restitution was uncontroverted, as her court-ordered payments exceeded her income. The State argues that her inability to pay is voluntary, that she should have sought other jobs, and that her claimed attempt to find a better paying job was designed to be futile.

The standard for review that we apply is whether, after examining all the evidence concerning the affirmative defense, a rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. *Hill v. State,* 719 S.W.2d 199 at 201 (Tex.Crim.App.1986). [applying the test enunciated in *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Crim.App.1985)].

In *Van Guilder,* the State failed to present any evidence to rebut appellant's claim and evidence of insanity, and the Court of Criminal Appeals held that no rational finder of fact could have found that the appellant there failed to prove her affirmative defense by a preponderance of the evidence. Similarly, all the evidence in the instant case commands the conclusion of the appellant's inability to pay. No evidence was offered by the State to rebut appellant's evidence.

■ Although the inability to pay restitution, fees, etc., must be proven by the appellant at trial by a preponderance of the evidence, the burden of proof remains on the State to show that the failure to pay was intentional. *Stanfield,* 718 S.W.2d at 737–38. We are aware of the tension between the defendant's burden of proving her affirmative defense of inability to pay and the State's burden of proving intentional nonpayment. Although it is logically and semantically difficult to differentiate between the standard of review of the defendant's inability to pay and the State's burden of proving intentional nonpayment, the evidence here points to but one conclu-

sion: that the appellant did not have the ability to pay her fine, restitution, costs, and supervisory fees. We therefore will not address whether such failure to make the payments was intentional.

Appellant's first point of error is sustained.

The judgment of the trial court is REVERSED and REMANDED.