**Andrew JACKSON a/k/a Hayward Jackson, Jr., Appellant**

v.

**The STATE of Texas, Appellee**

**No. 04–95–00579–CR.**

Court of Appeals of Texas, San Antonio.

Jan. 10, 1996.

Alex J. Scharff, Campion & Campion, San Antonio, for appellant.

Catherine Torres–Stahl, Assistant Criminal District Attorney, San Antonio, for appellee.

Before CHAPA, C.J., and HARDBERGER and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

This is an appeal from an order revoking appellant's probation. On March 12, 1987, appellant entered a plea of guilty to the offense of burglary of a habitation with intent to commit aggravated assault. Punishment was assessed at ten years' confinement, fully probated. On July 27, 1995, the trial court entered an order revoking appellant's probation and sentencing him to ten years confinement. The basis of the revocation was appellant's failure to make several monthly supervisory fee payments, a violation of the terms and conditions of his probation. The sole issue before this court is whether the trial court abused its discretion in revoking appellant's probation. We affirm the decision of the trial court.

█ In a probation revocation proceeding, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the evidence presented. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex.

Crim.App. [Panel Op.] 1980); *Battle v. State,* 571 S.W.2d 20, 21 (Tex.Crim.App. [Panel Op.] 1978). Consequently, appellate review of a trial court's order revoking probation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983); *Lloyd v. State,* 574 S.W.2d 159, 160 (Tex. Crim.App. [Panel Op.] 1978).

 Appellant contends that his probation was improperly revoked because he satisfied his burden of showing that he was unable to pay the supervisory fees which were assessed as a condition of his probation. In a proceeding to revoke probation where the grounds for revocation are the probationer's failure to pay fees assessed as a condition of probation, the inability of the probationer to pay the enumerated fees is an affirmative defense. TEX.CODE CRIM.PROC. ANN. art. 42.12 § 21(c) (Vernon Supp.1995); *Stanfield v. State,* 718 S.W.2d 734, 737–38 (Tex.Crim.App.1986). As such, the probationer must prove his inability to pay by a preponderance of the evidence. *Id.* In reviewing the trial court's decision to revoke probation, we must consider all of the evidence in the light most favorable to the trial court's finding, and determine whether any rational trier of fact could have found that appellant proved his inability to pay the fees at issue by a preponderance of the evidence. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim.App. [Panel Op.] 1979); *Hill v. State,* 721 S.W.2d 953, 957 (Tex.App.—Tyler 1986, no pet.).

As a condition of his probation, appellant was required to pay $30.00 on or about the twelfth day of every month. He initially made regular payments. However, appellant made no payment from October, 1993, through December, 1993. In both January and February of 1994, appellant paid $5.00. In March, 1994, appellant was arrested and incarcerated on an unrelated charge and his obligation to make supervisory payments ceased. *Smith v. State,* 790 S.W.2d 366, 368 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

At the hearing on the State's motion to revoke appellant's probation, appellant's probation officer, Linda Valdez, was the only witness to testify. Ms. Valdez testified that from October, 1993, through March, 1994, when appellant would report for their meetings, he would typically state, "I don't have money today". Ms. Valdez' testimony revealed that appellant was not permanently employed from October, 1993, through March, 1994, but that he was doing contract/day labor—something he had been doing for several years. Ms. Valdez acknowledged that she had attempted to persuade appellant to take advantage of a job counseling service provided by the probation department; however, she had no record of appellant ever doing so. Ms. Valdez had no knowledge of whether appellant owned property that he could sell or whether he could obtain a loan. Appellant did not testify.

Appellant contends that Ms. Valdez' testimony presents uncontroverted evidence of his inability to pay the supervisory fees at issue. Appellant mistakenly relies on *Friedl v. State,* 773 S.W.2d 72 (Tex.App.—Houston [1st Dist.] 1989, no pet.), *Reyes v. State,* 752 S.W.2d 591 (Tex.App.—Corpus Christi 1987, no pet.), and *Hill,* 721 S.W.2d at 953 to support his position that the trial court abused its discretion in revoking his probation. Although each of these cases contain facts similar to those of the present case, they are easily distinguishable by virtue of the fact that the appellant in each of those cases testified as to his or her inability to pay the probationary fees at issue. *Friedl,* 773 S.W.2d at 74; *Reyes,* 752 S.W.2d at 592; *Hill,* 721 S.W.2d at 957. In *Friedl, Reyes,* and *Hill,* each of the appellants had testified extensively as to his or her living expenses, living arrangements, other sources of income, and outstanding debts. *Id.* Moreover, the probation officer in each of those cases testified only that the defendant had not paid the requisite fees and gave no further information regarding the appellants' life styles. *Id.*

We find the facts of this case more analogous to those in *Jones v. State,* 589 S.W.2d 419 (Tex.Crim.App. [Panel Op.] 1979). In *Jones,* the appellant did testify regarding his living expenses, but only by vague references. *Jones,* 589 S.W.2d at 421. Jones' probation officer testified that Jones would arrive at their meetings saying he had no

money and no job. *Id.* However, the probation officer also presented evidence that Jones was working sporadically and occasionally brought in partial payments. *Id.* The court found that there was a "complete failure to prove the affirmative defense of inability to pay by a preponderance of the evidence." *Id.*

In the present case, appellant did not testify at all regarding his inability to pay. There is no evidence of appellant's living expenses or other obligations that may have prevented him from satisfying the conditions of his probation. Instead, appellant relied on his cross-examination of the State's witness to prove his affirmative defense. Yet, the evidence presented by Ms. Valdez indicates that appellant was doing the same work he had been doing on and off for several years with no apparent inability to pay his supervisory fees. While the record reflects that appellant may have been unemployed, it is void of any evidence that he was unable to satisfy the conditions of his probation by paying his supervisory fees. Accordingly, we find that appellant has wholly failed to satisfy the burden of proving his inability to pay by a preponderance of the evidence.

Appellant correctly notes that even when the issue of inability to pay is raised by the probationer, the State must carry the ultimate burden of proving that the alleged failure to pay fees was intentional. *Stanfield,* 718 S.W.2d at 738; *Washington v. State,* 731 S.W.2d 648, 650 (Tex.App.—Houston [1st.Dist.] 1987, no pet.). It is well settled that the facts and circumstances surrounding an act or omission may reveal intent. *Stanfield* 718 S.W.2d at 738. Given that the only evidence presented in this case indicates that appellant was working sporadically, and that appellant did not testify to rebut that evidence or present any other justification for his non-payment, an inference of intentional non-payment exists. When viewed in the light most favorable to the trial courts decision, we find that the evidence before us is sufficient to show appellant's intentional failure to pay by a preponderance of the evidence. *Arterberry v. State,* 800 S.W.2d 580, 582 (Tex.App.—Tyler 1990, no pet.). Therefore, the trial court

did not abuse its discretion in revoking appellant's probation. *Cardona v. State,* 665 S.W.2d 492, 494 (Tex.Crim.App.1984).

The judgment of the trial court is affirmed.