No. 04-00-00659-CR & 04-00-00660-CR



Robert PAYNE,


Appellant



v.



The STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-0672 & 96-CR-0673


Honorable Sam Katz, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Catherine Stone, Justice


Delivered and Filed: May 23, 2001


AFFIRMED AS REFORMED

 Robert Payne was placed on community supervision for eight years in two charges for
intoxication assault. The State filed motions to revoke community supervision. The court revoked
Payne's community supervision, assessed a $2,000.00 fine, and sentenced him to five years in the
Texas Department of Criminal Justice. Payne appeals the revocation of his community supervision.




Factual and Procedural Background


 The State filed two motions to revoke Payne's community supervision alleging he sold alcohol
to a minor. His attorney stated Payne's plea was "not true" to violating condition one of his
supervision. However, the judgment erroneously reflects that Payne pled "true." 

 At the hearing on the motions to revoke, Agent Cantrell with the Texas Alcoholic Beverage
Commission, testified that he stopped a young man who had just bought beer outside a convenience
store. The young man produced an I.D. upon request. The I.D. was a University of Arizona card
that Cantrell noticed was altered and in a damaged condition. Cantrell testified that the young man
told him he had not shown any identification when purchasing the beer and identified Payne as the
man who sold it to him.

 Payne testified in his defense that the young man had shown him some identification. He
stated he was trained to look only for a picture and date of birth. However, Payne admitted he was
supposed to accept only a valid Texas driver's license or Texas Department of Public Safety
identification card. Still, he testified he believed the I.D. he was shown to be valid and therefore he
did not intentionally sell alcohol to a minor. Payne's counsel raised the defense of mistake of fact
contending Payne did not have the kind of culpability required for the offense. The court stated,
"Well, you know, that might work, except I used to, when I was in college, work at a Seven-Eleven
and if somebody had come to me with this I wouldn't have sold them any beer."

 Each motion the State filed alleged the same violation, that Payne sold alcohol to a minor on
July 10, 2000. On the day of the revocation hearing the State filed motions to withdraw those
motions and filed two new motions, alleging Payne sold alcohol to a minor on April 7, 2000.
However, Payne conceded that the motions to withdraw the original revocation motions were signed
after the hearing. The record reflects the August 29, 2000 hearing was conducted under the original
motions using the July 10, 2000 date. 

Legal and Factual Sufficiency


 Payne contends in his first issue and in his supplemental issue that the trial court erred in
entering judgments revoking his community supervision because there was no evidence, or the
evidence was legally and factually insufficient to support the judgments. Payne asserts the State failed
to show evidence that he was criminally negligent in selling beer to a minor. Payne argues he was not
trained to detect phony identification cards and was not aware of any risk that an out-of- state I.D.
would contain false information.

Standard of Review


 In reviewing a trial court's decision to revoke probation, we must consider all the evidence
in a light most favorable to the decision and determine whether the trial court abused its discretion,
or whether any rational trier of fact could have found that Payne violated the conditions of his
community supervision by a preponderance of the evidence. Jackson v. State, 915 S.W.2d 104, 106
(Tex. App.-San Antonio 1996, no pet.). The trial judge is the sole trier of the facts, the credibility
of the evidence, and the weight of the evidence presented. Id. at 105. A trial court is allowed to
consider circumstantial evidence to infer intent. Id. at 107.

 The trial court found by a preponderance of the evidence that Payne violated the conditions
of his probation by selling alcohol to a minor. The judge was presented with evidence of the actual
identification card, testimony that Payne was aware he was to accept only a Texas driver's license
or a Texas Department of Public Safety identification, testimony of the TABC officer that the minor
said he did not show any identification to Payne, and testimony of the officer that the I.D. was a very
bad fake. The trial court weighed and determined the credibility of the evidence and did not abuse its
discretion in making the determination that Payne was criminally negligent in selling alcohol to a
minor and therefore violated a condition of his community supervision.

 In addition, Payne claims he had a mistake of fact defense to selling alcohol to a minor. See
Tex. Pen. Code Ann. § 8.02 (Vernon 1994). However, mistake of fact is not available as a defense
to refute the culpable mental state of criminal negligence. See Williams v. State, 680 S.W.2d 570,
579 (Tex. App.-Corpus Christi 1984), pet. ref'd, 692 S.W.2d 100 (Tex. Crim. App. 1985) (stating
that mistake of fact is already included as an essential element in the definition of criminal negligence).
Therefore, because there was no mistake of fact defense available and because the trial court did not
abuse its discretion in finding Payne violated a condition of his community supervision, we overrule
Payne's supplemental issue and issue one.

Incorrect Plea in Judgment


 In his second issue, Payne contends and the State agrees that he entered a plea of "not true"
and the trial court mistakenly recorded a plea of "true" in the judgment. This court can correct and
reform the judgment of the trial court when it has the necessary information to reflect the true plea
as in this case. See Williams v. State, 911 S.W.2d 788, 791 (Tex. App.-San Antonio 1995, no pet.).
It is apparent from the reporter's record that Payne pled "not true" and apparent in the clerk's record
that the judgment reflects Payne pled "true." The proper remedy in this case is for this court to
reform the trial court's judgment to reflect that Payne pled "not true." Once the judgment is reformed,
the basis for this particular complaint of Payne's is eliminated. 

 The trial court's judgments are reformed to reflect that Payne pled "not true." 


Findings of Fact


 Payne argues in his third issue that he requested findings of fact from the trial court and the
court failed to prepare them. Payne asserts that the failure to do this on a revocation order may
require reversal. He concludes the findings of fact should have been made and should have contained
the commission of an offense, the date on which the violation occurred, and the probationer's name.


 While a trial court's failure to respond to a request for findings of fact may require reversal,
this may be particularly important when the failure to do so impacts the appellate court's review. See
Joseph v. State, 3 S.W.3d 627, 639 (Tex. App.-Houston [14th Dist.] 1999, no pet.). In the instant
case, the court's judgment states that condition number one was violated. While this may seem
general, there was only one allegation in the motions to revoke, which was the sale of alcohol to a
minor on or about July 10, 2000. Because we have the information necessary to determine the basis
of the revocation, due process is satisfied. See Joseph, 3 S.W.3d at 640 (finding that the appellate
court need only be adequately informed of the grounds on which the appellant violated the terms of
his community supervision). We overrule Payne's third issue.

Constitutionality of Section 106.03 of the Texas Alcoholic Beverage Code


 Payne contends that Section 106.03 of the Texas Alcoholic Beverage Code is unconstitutional
because it does not allow for a mistake of fact defense when relying on an out-of-state identification
card. Payne argues that sellers of alcohol are unconstitutionally deprived of due process and equal
protection because they are not entitled to the mistake of fact defense when they accept an apparently
valid out-of-state identification card. Further, Payne claims the statute burdens interstate commerce
because travelers in Texas cannot buy alcohol with a license or identification card from their state.

 The State responds that Payne waived this issue because he made no objection to the
unconstitutionality of Section 106.03 in the trial court. We agree. Even if this was a constitutional
error, constitutional errors can be waived when they are not objected to at trial. See Wright v. State,
28 S.W.3d 526, 536 (Tex. Crim. App. 2000) (holding that the appellant's Sixth Amendment right to
confrontation had been waived because he failed to object under the Confrontation Clause); Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (stating that because the statute was not
facially unconstitutional, the appellant had an obligation to object at trial that his constitutional rights
to confrontation and due process had been violated). 

 The applicable portion of Tex. Alco. Bev. Code Ann. § 106.03 (Vernon 1995) states:

 (a) A person commits an offense if with criminal negligence he sells an alcoholic
beverage to a minor.

 (b) A person who sells a minor an alcoholic beverage does not commit an offense if
the minor falsely represents himself to be 21 years old or older by displaying an
apparently valid Texas driver's license or an identification card issued by the Texas
Department of Public Safety, containing a physical description consistent with his
appearance for the purpose of inducing the person to sell him an alcoholic beverage.


This statute is not facially unconstitutional. It does not prohibit a mistake of fact defense when
relying on an out-of-state identification card. We hold that in failing to object at trial, Payne waived
any claim that Tex. Alco. Bev. Code Ann. § 106.03 is unconstitutional. We overrule issue four.

Material Variance


 Payne asserts in his fifth issue that there was a material and fatal variance between the State's
motions to revoke and the evidence at the hearing. The original motions to revoke alleged a date of
July 10, 2000 for the offense of selling alcohol to a minor. The trial court proceeded on the July 10
date and it was uncontested at the hearing that this was the date Payne sold the alcohol to the minor.
Payne was found to have violated the terms of his community supervision based on the offense
occurring on July 10, 2000 and was sentenced immediately following the hearing.

 The issue of the variance arises as a result of the State's filing motions to withdraw the
original motions to revoke alleging the July 10, 2000 date and submitting new motions to revoke that
alleged a date of April 7, 2000, which were signed by the trial court. The record does not
conclusively reflect, but both parties agree, that the trial court signed these motions after the hearing
and sentencing of Payne. As a result, this issue is moot. Payne's fifth issue is overruled. 

 The judgments of the trial court are affirmed as reformed.


 Catherine Stone, Justice

DO NOT PUBLISH