COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

DULCES BALDERRAMA,
)
 No. 08-02-00471-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 109th District Court

)


THE STATE OF TEXAS,
)
 of Andrews County, Texas

)


 Appellee.
)
 (TC# 3670)


MEMORANDUM OPINION



 Dulces Balderrama complains of the revocation of his probated sentence for driving while
intoxicated. We affirm. 

 On May 4, 1999, Dulces Balderrama was placed on probation after being found guilty of his
third offense of driving while intoxicated. He received a four-year probated sentence. On March 2,
2002, Appellant's vehicle was stopped by a City of Brownfield police officer, who suspected
Appellant of driving while intoxicated. Patrol Sergeant Rene Siller was called to assist and serve
as a back-up unit. Appellant performed a walk and turn test in front of the officers, but he performed
poorly. He was unsteady on his feet, took more steps than customary and used his hands for balance. 
Appellant also performed a one-legged stand test. The officers observed that he was unsteady on his
feet, placed his foot down prior to completing the tests, and used his arms for balance. A strong odor
of alcohol was present on Appellant. He was placed under arrest for driving while intoxicated.


 The State filed a motion to revoke probation. At the revocation hearing, Appellant was found
to have violated the terms and conditions of his probation by driving while intoxicated. His
probation was revoked and a four-year sentence imposed.

 In his sole issue for review, Appellant contends that the evidence was insufficient to support
the revocation. He claims that the State did not offer any evidence to prove that he was intoxicated
or that he was operating a motor vehicle. A person commits the offense of driving while intoxicated
if the person is intoxicated while operating a motor vehicle in a public place. Tex.Pen.Code Ann.
§ 49.04 (Vernon 2003).

 In a probation revocation hearing, the State must establish by a preponderance of the
evidence that the defendant violated a condition of his probation. See Cobb v. State, 851 S.W.2d
871, 873 (Tex.Crim.App. 1993). The trial court is the sole trier of the facts and the credibility of the
witnesses. See Jackson v. State, 915 S.W.2d 104, 105 (Tex.App.--San Antonio 1996, no pet.).
Consequently, appellate review of a probation revocation order is limited to a determination of
whether the trial court abused its discretion. Id. at 106. In determining whether the trial court
abused its discretion, we must view the evidence presented at the hearing in the light most favorable
to the trial court's finding. Jones v. State, 589 S.W.2d 419, 420 (Tex.Crim.App. 1979); Duke v.
State, 2 S.W.3d 512, 515 (Tex.App.--San Antonio 1999, no pet.).

 Patrol Sergeant Rene Siller of the City of Brownfield Police Department responded to a call
to serve as back-up for Sergeant James Baucum who had stopped Appellant on suspicion that he was
driving while intoxicated. Although Officer Siller did not see Appellant driving, nor was he present
when Appellant's vehicle was stopped, he arrived at the scene shortly after Sergeant Baucum had 

pulled Appellant over. Officer Siller observed Appellant perform poorly on his sobriety tests. 
Officer Siller also noticed that Appellant had a strong odor of alcohol on his person. After observing
Appellant, he concluded that Appellant was intoxicated and he was arrested.

 The trial court found Appellant violated the terms and conditions of his probation by a
preponderance of the evidence. Viewed in the light most favorable to the trial court's finding, the
evidence is sufficient to support the trial court's finding. Consequently, we find no abuse of
discretion. We overrule the sole point and affirm the judgment of the trial court.



October 30, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)