Becker v. State
















COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOHN WESLEY LOCKETT,                             )                  No. 08-03-00204-CR
)
                                    Appellant,                        )                  Appeal from
)
v.                                                                          )                  244th District Court
)
THE STATE OF TEXAS,                                   )                  of Ector County, Texas
)
                                    Appellee.                          )                  (TC# C-22,821) 

MEMORANDUM OPINION

            John Wesley Lockett appeals the trial court’s order revoking his community supervision. 
Appellant waived his right to a jury trial and entered a negotiated plea of guilty to delivery of less
than 28 grams of cocaine. In accordance with the plea bargain, the trial court assessed punishment
at a fine of $2,000 and imprisonment for a term of ten years, probated for ten years. Finding that
Appellant had violated the terms and conditions of community supervision by failing to report,
failing to pay monthly fees, and failing to notify his supervising officer of his change of address, the
trial court subsequently revoked Appellant’s community supervision. We affirm.
FACTUAL SUMMARY
            On July 5, 1995, the trial court signed an order placing Appellant on community supervision
for a term of ten years. Shortly thereafter, the court permitted Appellant to transfer his community
supervision to Brenham, Texas. The transfer order specifically required Appellant to report on the
2nd and 4th Wednesday of each month. On April 8, 1997, the trial court found that Appellant had
violated the terms and conditions of community supervision but continued him on probation. The
court’s written order included the following terms and conditions:
d.Make a TRUTHFUL report in WRITING and IN PERSON, to his
Community Supervision Officer on the 2nd and 4th Wednesday of each
month. In the event he is legally incarcerated, detained, deported or excluded
from The United States of America, he is required to contact his Community
Supervision Officer by MAIL and by TELEPHONE on each of his required
reporting dates.

. . .
 
h.At ALL TIMES keep his Community Supervision Officer advised of the
CORRECT ADDRESS of his RESIDENCE and his PLACE OF
EMPLOYMENT and NOTIFY his Community Supervision Officer WITHIN
48 HOURS of any ARREST or change in address of residence or
employment.

. . .
 
m.Pay Restitution in the amount of $530.00, Court Costs of $84.50, a Fine of
$2,000.00, a Supervision Fee of $40.00 per month, Attorney fees of $900.00,
Travel Expense of $227.88,


 and Back Supervision Fees in the amount of
$252.00, ALL OF THE ABOVE TO BE PAID AT THE RATE OF $90.00
PER MONTH, due on or before the 1st day of each month. IF FOR ANY
REASON, the Defendant is indigent and cannot pay any or all of the monthly
payment, HE shall make and sign an affidavit on the 1st day of the month
when such payment is due.

            At the conclusion of the lengthy order, Appellant signed immediately beneath a paragraph
stating that he had read or another person had read to him the foregoing conditions of community
supervision and he fully understood them. He also acknowledged, in writing, that he had received
a copy of the terms and conditions of community supervision. 
            On March 20, 1998, the State filed a motion to revoke Appellant’s community supervision
based on allegations that he had violated condition (d) by failing to report on January 14, 1998 or
any subsequent date ordered by the court, condition (m) by failing to make a monthly payment of
$90.00 on May 1, 1997 or any subsequent date, and condition (h) by failing to his advise his
community supervision officer of a change of address. At the hearing, Appellant entered a plea of
true to the violations of conditions (d) and (m)(failure to report and failure to pay), but pled not true
to the violation of condition (h)(change of address). The trial court found all three allegations true
and revoked community supervision. 
REVOCATION FOR FAILURE TO REPORT
            In his sole issue on appeal, Appellant complains that the trial court erred in revoking
community supervision because there is no evidence that the probation officer informed Appellant
that he was required to report monthly. The State responds that Appellant’s complaint is without
merit because he entered a plea of true to the allegation that he failed to report. We agree with the
State.
            In a probation revocation hearing, the State must establish by a preponderance of the
evidence that the defendant violated a condition of his probation. See Cobb v. State, 851 S.W.2d
871, 873 (Tex.Crim.App. 1993). The trial court is the sole trier of the facts and the credibility of the
witnesses. See Jackson v. State, 915 S.W.2d 104, 105 (Tex.App.--San Antonio 1996, no pet.).
Consequently, appellate review of a probation revocation order is limited to a determination of
whether the trial court abused its discretion. Id. at 106. In determining whether the trial court
abused its discretion, we must view the evidence presented at the hearing in the light most favorable
to the trial court’s finding. Jones v. State, 589 S.W.2d 419, 420 (Tex.Crim.App. 1979); Duke v.
State, 2 S.W.3d 512, 515 (Tex.App.--San Antonio 1999, no pet.). When the State has sustained its
burden of proving the allegation by a preponderance of the evidence and no procedural obstacle is
raised, the decision to revoke probation is within the discretion of the trial court. Flournoy v. State,
589 S.W.2d 705, 707 (Tex.Crim.App. 1979); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App.--El Paso
1999, no pet.). Under such circumstances, the trial court’s discretion is substantially absolute.
Flournoy, 589 S.W.2d at 708; Gordon, 4 S.W.3d at 35. Thus, the only question presented on appeal
is whether the trial court abused its discretion in revoking probation. Garrett v. State, 619 S.W.2d
172, 174 (Tex.Crim.App. 1981); Gordon, 4 S.W.3d at 35. If a single ground for revocation is
supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is
not shown. Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon, 4 S.W.3d at 35.
            As noted by Appellant, the State must prove that he was ordered to report on a date certain
in order to support a finding that he violated the requirement that he report. See Campbell v. State,
420 S.W.2d 715, 716 (Tex.Crim.App. 1967)(finding of failure to report not supported by sufficient
evidence where trial court’s order delegated to probation officer responsibility for setting reporting
dates and evidence did not show that probation officer informed defendant of reporting date). In this
case, however, the trial court’s order specifically required Appellant to report on certain dates and
Appellant signed an acknowledgment that he had been informed of all the terms and conditions. 
More importantly, Appellant entered a plea of true to this allegation. A plea of true, standing alone,
is sufficient to support the trial court’s revocation order. Cole v. State, 578 S.W.2d 127, 128
(Tex.Crim.App. 1979); Hays v. State, 933 S.W.2d 659, 661 (Tex.App.--San Antonio 1996, no pet.). 
Further, Appellant does not challenge the trial court’s determination that he had also violated
conditions (h) and (m). Either of those violations is sufficient to support the trial court’s decision
to revoke community supervision. Consequently, the trial court did not abuse its discretion by
revoking Appellant’s community supervision. Issue One is overruled and the judgment of the trial
court is affirmed.

June 17, 2004                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.

(Do Not Publish)