COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| WILLIAM CORBIN LIFFICK, JR., | | No. 08-08-00194-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 112th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Pecos County, Texas |
| | § | |
| Appellee. | | (TC # P-2659-112-CR) |
| | § | |

**O P I N I O N**

William Corbin Liffick, Jr. appeals a judgment revoking his community supervision. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On February 20, 2007, Appellant waived his right to a jury trial and entered a negotiated plea of guilty to possession of marihuana. The trial court found him guilty and in accordance with the plea bargain, assessed Appellant's punishment at two years in the state jail division, probated for four years, together with a $2,000 fine. The State later filed a motion--and amended motions--to revoke community supervision. At the contested hearing, the State offered business records to prove that Appellant had committed new offenses on June 27, 2007 in Illinois[1] and on September 15, 2007 in Jeff Davis County, Texas,[2] and that he had used marihuana and cocaine in violation of the terms

---

[1] The motion to revoke alleged Appellant committed the offenses of possession of marihuana, possession of a firearm by a felon, and driving while license suspended on June 27, 2007 in Joliet, Grundy County, Illinois.

[2] The motion to revoke alleged Appellant committed the offenses of driving while intoxicated, operating a motor vehicle on a public roadway with an expired registration, and driving a motor vehicle with an invalid license on September 15, 2007 in Jeff Davis County, Texas.

of community supervision. The trial court did not admit the business records in their entirety; it excluded the portions of the records containing incident reports by law enforcement officers. The State also relied on the testimony of two community supervision officers to prove technical violations and to prove that Appellant had left the supervising county and changed his place of residence without permission. Appellant testified on his own behalf. At the conclusion of the hearing, the trial court found that the State had not proven the technical violations related to fees, fines, and community service restitution hours, but it did determine that Appellant had violated multiple terms and conditions of community supervision as alleged in the State's third amended motion to revoke. The court reformed the original two-year sentence and assessed punishment at 500 days in the state jail division. This appeal follows.

## STANDARD OF REVIEW

In a probation revocation hearing, the State must establish by a preponderance of the evidence that the defendant violated a condition of his probation. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The trial court is the sole trier of the facts and the credibility of the witnesses. *See Jackson v. State*, 915 S.W.2d 104, 105 (Tex.App.--San Antonio 1996, no pet.). Consequently, appellate review of a probation revocation order is limited to a determination of whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). In determining that issue, we view the evidence presented at the hearing in the light most favorable to the trial court's finding. *Jones v. State*, 589 S.W.2d 419, 420 (Tex.Crim.App. 1979). When the State has sustained its burden of proving the allegation by a preponderance of the evidence and no procedural obstacle is raised, the decision to revoke probation lies within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.). Under such circumstances, the trial court's

discretion is substantially absolute. *Flournoy*, 589 S.W.2d at 708; *Gordon,* 4 S.W.3d at 35. Thus, the only question presented on appeal is whether the trial court abused its discretion in revoking probation. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981); *Gordon*, 4 S.W.3d at 35. If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon*, 4 S.W.3d at 35. To prevail, an appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193-94 (Tex.Crim.App. [Panel Op.] 1978); *Harris v. State*, 160 S.W.3d 621, 626 (Tex.App.--Waco 2005, pet. stricken).

## NO ABUSE OF DISCRETION

Appellant presents three points of error related to the admissibility of evidence during the revocation hearing. In Point of Error One, he contends that the trial court abused its discretion by admitting business records from the Illinois State Police related to Appellant's arrest for multiple offenses on June 27, 2007, and business records of the Jeff Davis County Sheriff's Department related to his arrest on September 15, 2007 for driving while intoxicated and certain traffic offenses. In Point of Error Two, Appellant complains that the combined effect of the erroneous admission of the business records and the court's erroneous determination that Appellant committed other community supervision violations affected his substantial rights. In Point of Error Three, Appellant maintains that the court abused its discretion by admitting business records from the Big Bend Regional Medical Center to prove Appellant tested positive for both marihuana and cocaine on September 15, 2007.

We have reviewed the allegations found true by the trial court and have determined that some of these violations were proven by live testimony and not through the business records. Appellant's

counsel conceded at oral argument that the State proved three "relatively minor" violations of the terms and conditions of probation.[3] Assuming without deciding that the trial court erred in admitting the business and medical records, we cannot conclude it abused its discretion in revoking Appellant's probation if the evidence supporting these other violations is sufficient. *See Sanchez*, 603 S.W.2d at 871 (there is no abuse of discretion in revocation of community supervision if a single ground is supported by a preponderance of the evidence and is otherwise valid); *Gordon*, 4 S.W.3d at 35 (same).

Condition 2 prohibited Appellant from committing any offense against the laws of the state of Texas or any other state or the United States. The State's third amended motion to revoke alleged that on or about September 15, 2007 in Jeff Davis County, Texas, Appellant committed the offense of driving a motor vehicle on a public roadway with an expired registration and the offense of driving a motor vehicle with an invalid license. The trial court found both allegations true. Appellant testified that he had an accident with a bicyclist on September 15, 2007 in Jeff Davis County, Texas but he claimed that the bicyclist ran into his truck. He denied being intoxicated at the time. Nevertheless, he admitted that his driver's license was invalid and that the registration had expired on the vehicle he was driving. These admissions are sufficient to prove that he committed the offenses alleged. *See* TEX.TRANSP.CODE ANN. § 502.404 (Vernon Supp. 2009)(prohibiting operation of motor vehicle without registration insignia); TEX.TRANSP.CODE ANN. § 521.021 (Vernon 2007)(prohibiting operation of motor vehicle without driver's license); TEX.TRANSP.CODE ANN. § 521.457 (Vernon Supp. 2009)(elements of driving while license invalid).

Condition 3 required Appellant to avoid injurious or vicious habits including the use of

---

[3] At oral argument, counsel conceded that the State offered sufficient evidence to prove Appellant committed the offense of driving with an invalid license, Appellant consumed beer in Brewster County, Texas, and Appellant went to Illinois without permission of his community supervision officer.

alcoholic beverages, to abstain from the use of intoxicating liquor, and to stay away from places where liquor is sold or distributed, except bona fide eating establishments. Paragraph (d) of the motion to revoke alleged Appellant violated Condition 3 by consuming alcohol in Harry's Tinaja, a place where alcoholic beverages are sold, on December 15, 2007 in Alpine, Brewster County, Texas. Katy O'Brien is an intensive supervision officer employed with the corrections department in Alpine. She began supervising Appellant in the latter part of November 2007 when his case was transferred to her from Pecos County. O'Brien testified she saw Appellant drinking a beer at Harry's Tinaja in Alpine. She initially testified he was drinking the beer, but on cross-examination O'Brien admitted she did not actually see Appellant drink from the beer bottle he was holding. Appellant denied drinking beer on that occasion. Although the evidence was contradictory, the trial court could have found that Appellant violated Condition 3 by drinking a beer.

Condition 8 prohibited Appellant from voluntarily changing his place of residence without the permission of the supervising officer. It also required Appellant to report any change of address to his supervising officer within forty-eight hours. Condition 9 required Appellant to remain within Pecos County unless given permission to leave by the court or by the supervising officer.

Crystal Galvan is an intensive supervision officer with the Permian Basin Community Supervision and Corrections Department in Ft. Stockton, Texas. She supervised Appellant from February 20, 2007 until the latter part of November 2007. Between March and August of that year, Galvan did not know where Appellant was living and the correspondence she sent to the address on file was returned. Appellant did not report his address change to her. Galvan spoke with Appellant by telephone and when she asked where he was living, he replied that he had no physical address because he was homeless and living out of his vehicle underneath a bridge. The community supervision department attempted to transfer Appellant's probation to Kendall County but he failed

to keep his intake appointment. Consequently, Galvan continued to supervise Appellant. She learned that Appellant had left Pecos County and the state of Texas on June 27, 2007 when he was arrested in Illinois and that he had been in Jeff Davis County, Texas in September 2007.

Katy O'Brien also related during her testimony that she had interviewed Appellant at the request of Crystal Galvan on September 18, 2007 in the Presidio County Jail. Appellant told O'Brien that he had been arrested in Jeff Davis County and he was living on Highway 158 at an RV park in Alpine. O'Brien did not believe anyone had given him permission to live in Alpine.

Appellant testified that at the time of the revocation hearing, he was living in Alpine, but he had been living in Tomball, Texas when he was placed on community supervision. He believed his community supervision would be transferred but none of the probation officers to whom Galvan directed him had any record of the case being transferred. Appellant admitted talking to Galvan in April of 2007. When she asked where he was living, he told her he was living in his Peterbilt by a bridge in Comfort, Texas. He also admitted that he was in Illinois in June 2007 but claimed he had told a probation officer named Christine that he was going to Illinois for work. Appellant denied telling Galvan on June 29, 2007 that he did not have permission to leave the state.

This evidence is sufficient to prove by a preponderance of the evidence that Appellant violated Condition 8 by changing his place of residence without the permission of his supervising officer and by failing to notify her of his address change. The evidence is also sufficient to prove that Appellant violated Condition 9 by being in the state of Illinois on June 27, 2007 without the permission of his supervising officer and by being in Jeff Davis County on September 15, 2007 without permission.

Because the evidence is sufficient to prove these violations of Conditions 2, 3, 8, and 9 as alleged in the third amended motion to revoke and as found true by the trial court, we perceive no

abuse of discretion in the revocation of community supervision. It is therefore unnecessary to

address the merits of the issues for review. We affirm the judgment of the court below.


March 24, 2010

                           ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Salas-Mendoza, Judge
Salas-Mendoza, Judge, sitting by assignment

(Do Not Publish)