COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 MANUEL ARANDA, 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 No.
 08-10-00336-CR
 
 
 
 
 Appellant,
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 Appeal from the
 
 
 
 
 v. 
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 109th District
 Court
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 THE STATE OF TEXAS,
 
 
  
 
 
 of Andrews
 County, Texas
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
 Appellee.
 
 
  
 
 
 (TC# 5445)
 
 
 
 
  
 
 
 §
 
 
  
 
 


 

O P I N I O N

In two issues, Manuel Aranda, Appellant, challenges the trial court’s
revocation of his community supervision alleging that the trial court abused
its discretion by failing to enter requested findings of fact and conclusions
of law in violation of his due process rights and by finding the evidence
sufficient to support the revocation.  We
affirm.

BACKGROUND

            Pursuant
to a plea agreement, Appellant pleaded guilty in Andrews County to the offense
of criminal mischief.  The trial court
sentenced Appellant to two years’ confinement in a state jail facility, placed
him on two years’ community supervision, and ordered Appellant to pay a $1,000
fine and $344 in court costs.  The terms
and conditions of community supervision required in part that Appellant commit
no offense against the laws of this State, perform 120 hours of community
service, and pay to his probation officer, for payment to the District Clerk,
court costs in the sum of $344.

            The State sought to revoke
Appellant’s community supervision in Andrews County after Appellant
subsequently committed the offense of resisting arrest in Ector County, failed
to perform any community service, and failed to pay his probation fees and
restitution.  At the contested revocation
hearing, Appellant’s probation officer testified that Appellant was arrested
for resisting arrest, had not performed any community service, and had not made
any required payments.  When the judgment
of conviction for resisting arrest was admitted into evidence, Appellant
specified that he had no objection. 

            The trial court entered a judgment
revoking community supervision in which it expressly found that Appellant: (1)
committed the offense of resisting arrest, search, or transport in Ector County
on or about June 12, 2010, in violation of Condition 1; (2) was 14-hours
delinquent in providing community service, a violation of Condition 14; and (3)
was $237 delinquent in paying court costs, a violation of Condition 16(b).  The trial court sentenced Appellant to twelve
months’ confinement in the State Jail Division of the Texas Department of
Criminal Justice.

DISCUSSION

            In Issue One, Appellant contends
that the trial court abused its discretion and violated his due-process rights
by failing to file requested findings of fact and conclusions of law.  We disagree.

            In a revocation proceeding, due
process requires: (1) a hearing; (2) written notice of the claimed violations;
(3) disclosure of the evidence against the defendant; (4) an opportunity to be
heard and to present witnesses and documentary evidence; (5) a neutral hearing
body; and (6) “a written statement by the fact finder as to the evidence relied
on and the reasons for revoking probation.”  Ex parte Carmona, 185 S.W.3d 492, 495 (Tex.Crim.App. 2006) (the United States
Constitution protects persons who have been released on community supervision
from re-incarceration without due process of law), citing Gagnon
v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).  When a defendant timely requests the entry of
specific findings of fact upon which revocation is based, the trial court errs
in failing to enter such findings of fact. Whisenant v. State, 557
S.W.2d 102, 105 (Tex.Crim.App. 1977); Joseph v. State, 3 S.W.3d 627, 639
(Tex.App. -- Houston [14th Dist.] 1999, no pet.).  A trial court’s failure to make the requested
findings may require reversal if the omission of such findings impedes
appellate review of the revocation. Joseph, 3 S.W.3d at 639, citing Ford v. State, 488 S.W.2d
793, 795 (Tex.Crim.App. 1972).  However,
the trial court is not required to issue separate findings if the judgment or
revocation order discloses the grounds for revocation found by the court. See
Joseph, 3 S.W.3d at 640 (holding that trial court’s hand-written notations
on a revocation order were adequate to provide notice of the grounds by which
defendant had violated his community supervision).

In this case, the trial court’s judgment revoking probation contains an
express recitation that it found Appellant had violated the terms and
conditions of his probation by committing the offense of resisting arrest,
search, or transportation, by being delinquent on his payment of court costs,
and by being delinquent in providing community service.  The trial court’s recitations are adequate to
inform Appellant and this Court of the grounds on which it found Appellant had
violated the terms and conditions of his community supervision.  See
Joseph, 3 S.W.3d at 640.  As a
result, Appellant was not hampered in his ability to prosecute this appeal and
was not denied due process of law.

            In both Issues One and Two, Appellant
complains that the trial court abused its discretion in finding that he had
violated the terms and conditions of his community supervision by failing to
make required payments because the State failed to prove that Appellant had the
ability to pay the outstanding sums in violation of Article 42.12, section 21(c)
of the Texas Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art.
42.12, § 21(c) (West 2006).

This provision is inapplicable under these facts for two reasons.  First, Article 42.12, section 21(c) applies
only when the State seeks to revoke community supervision solely because a defendant failed to pay compensation as set forth
therein.  Here, the State also sought to
revoke Appellant for committing a violation of law, thus removing the
revocation proceedings from the purview of Section 21(c).  Second, had Section 21(c) governed the
revocation proceedings, it provides that an inability to pay as ordered by the
trial court is an affirmative defense, which the defendant must prove by a
preponderance of the evidence. Tex. Code
Crim. Proc. Ann. art. 42.12, § 21(c). 
Appellant mistakenly argues here that the State bore the burden of
proving that Appellant had the ability to pay the sums required under the terms
and conditions of his community supervision. 
Therefore, Appellant’s contentions are without merit.

In Issue Two, Appellant also complains that the evidence is insufficient
to support the trial court’s determination that he violated the terms and
conditions of his community supervision and attempts to focus our attention on
his alleged failure to make required payments pursuant thereto.

In a probation revocation hearing, the State
must establish by a preponderance of the evidence that the defendant violated a
condition of his probation.  Cobb
v.State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).  The trial court is the sole trier of the
facts and the credibility of the witnesses. 
See Jackson v.State, 915 S.W.2d 104, 105 (Tex.App. -- San Antonio
1996, no pet.).  Consequently, appellate
review of a probation revocation order is limited to a determination of whether
the trial court abused its discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).

In determining whether the trial court abused
its discretion, we view the evidence presented at the hearing in the light most
favorable to the trial court’s finding.  Jones
v. State, 589 S.W.2d 419, 420-21 (Tex.Crim.App. 1979).  When the State has sustained its burden of
proving the allegation by a preponderance of the evidence and no procedural
obstacle is raised, the decision to revoke probation lies
within the discretion of the trial court. 
Flournoy v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979); Gordon v. State, 4 S.W.3d 32, 35 (Tex.App. -- El Paso
1999, no pet.).  Under such
circumstances, the trial court’s discretion is substantially absolute.  Flournoy, 589 S.W.2d at 708; Gordon,
4 S.W.3d at 35.  Thus, the only question
presented on appeal is whether the trial court abused its discretion in
revoking probation.  Garrett v. State,
619 S.W.2d 172, 174 (Tex.Crim.App. 1981); Gordon, 4 S.W.3d at 35.

To prevail, an appellant must successfully
challenge all the findings that support the revocation order.  See Jones v. State, 571 S.W.2d 191,
193-94 (Tex.Crim.App. [Panel Op.] 1978); Harris v. State, 160 S.W.3d
621, 626 (Tex.App. -- Waco 2005, pet. stricken).  If a single ground for revocation is
supported by a preponderance of the evidence and is otherwise valid, then an
abuse of discretion is not shown.  Sanchez
v. State, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); Gordon, 4 S.W.3d
at 35.

Resisting arrest is a criminal offense under Texas law. Tex. Penal Code Ann. § 38.03(a) (West
2011).  The State alleged that Appellant
had committed the offense of resisting arrest, presented the probation
officer’s testimony that Appellant had been arrested for resisting arrest, and
introduced into evidence, without objection, the final judgment adjudicating
Appellant guilty of resisting arrest. 
This evidence is sufficient to show by a preponderance of the evidence
that Appellant committed an offense of state law in violation of the terms and
conditions of his supervision. 
Consequently, the trial court did not abuse its discretion when it
revoked Appellant’s community supervision. 
Rickels, 202 S.W.3d at 763–64; Gordon, 4 S.W.3d at 35.  Issues One and Two are overruled.

CONCLUSION

The trial court’s judgment is affirmed.

 

                                                                        GUADALUPE
RIVERA, Justice

November 30, 2011

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)