COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MANUEL ARANDA, | § | |
| | | No. 08-10-00335-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 109th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Andrews County, Texas |
| | § | |
| Appellee. | | (TC# 5444) |
| | § | |

## **O P I N I O N**

In two issues, Manuel Aranda, Appellant, challenges the trial court's revocation of his community supervision alleging that the trial court abused its discretion by failing to enter requested findings of fact and conclusions of law in violation of his due process rights and by finding the evidence sufficient to support the revocation. We affirm.

## **BACKGROUND**

Pursuant to a plea agreement, Appellant pleaded guilty in Andrews County to the offense of criminal mischief. The trial court sentenced Appellant to two years' confinement in a state jail facility, placed him on two years' community supervision, and ordered Appellant to pay a $1,000 fine, $504 in restitution and $344 in court costs. The terms and conditions of community supervision required in part that Appellant commit no offense against the laws of this State, perform 120 hours of community service, and pay his probation officer both a monthly administrative fee of $50 until the termination of his probation and restitution as imposed by the trial court.

The State sought to revoke Appellant's community supervision in Andrews County after Appellant subsequently committed the offense of resisting arrest in Ector County, failed to perform any community service, and failed to pay his probation fees and restitution. At the contested revocation hearing, Appellant's probation officer testified that Appellant was arrested for resisting arrest, had not performed any community service, and had not made any payments. When the judgment of conviction for resisting arrest was admitted into evidence, Appellant specified that he had no objection.

The trial court entered a judgment revoking community supervision in which it expressly found that Appellant: (1) committed the offense of resisting arrest, search, or transport in Ector County on or about June 12, 2010, in violation of Condition 1; (2) was $150 delinquent in paying his probation fees, a violation of Condition 10; (3) was 30-hours delinquent in providing community service, a violation of Condition 14; and (4) was $189 delinquent in paying restitution, a violation of Condition 18. The trial court sentenced Appellant to twelve months' confinement in the State Jail Division of the Texas Department of Criminal Justice.

## DISCUSSION

In Issue One, Appellant contends that the trial court abused its discretion and violated his due-process rights by failing to file requested findings of fact and conclusions of law. We disagree.

In a revocation proceeding, due process requires: (1) a hearing; (2) written notice of the claimed violations; (3) disclosure of the evidence against the defendant; (4) an opportunity to be heard and to present witnesses and documentary evidence; (5) a neutral hearing body; and (6) "a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex.Crim.App. 2006) (the United States

2

Constitution protects persons who have been released on community supervision from re-incarceration without due process of law), *citing Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). When a defendant timely requests the entry of specific findings of fact upon which revocation is based, the trial court errs in failing to enter such findings of fact. *Whisenant v. State,* 557 S.W.2d 102, 105 (Tex.Crim.App. 1977); *Joseph v. State,* 3 S.W.3d 627, 639 (Tex.App. -- Houston [14th Dist.] 1999, no pet.). A trial court's failure to make the requested findings may require reversal if the omission of such findings impedes appellate review of the revocation. *Joseph,* 3 S.W.3d at 639, *citing Ford v. State,* 488 S.W.2d 793, 795 (Tex.Crim.App. 1972). However, the trial court is not required to issue separate findings if the judgment or revocation order discloses the grounds for revocation found by the court. *See Joseph,* 3 S.W.3d at 640 (holding that trial court's hand-written notations on a revocation order were adequate to provide notice of the grounds by which defendant had violated his community supervision).

In this case, the trial court's judgment revoking probation contains an express recitation that it found Appellant had violated the terms and conditions of his probation by committing the offense of resisting arrest, search, or transportation, by being delinquent on his payment of probation fees and restitution, and by being delinquent in providing community service. The trial court's recitations are adequate to inform Appellant and this Court of the grounds on which it found Appellant had violated the terms and conditions of his community supervision. *See Joseph*, 3 S.W.3d at 640. As a result, Appellant was not hampered in his ability to prosecute this appeal and was not denied due process of law.

In both Issues One and Two, Appellant complains that the trial court abused its discretion in finding that he had violated the terms and conditions of his community supervision by failing

to make required payments because the State failed to prove that Appellant had the ability to pay the outstanding sums in violation of Article 42.12, section 21(c) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West 2006).

This provision is inapplicable under these facts for two reasons. First, Article 42.12, section 21(c) applies only when the State seeks to revoke community supervision *solely* because a defendant failed to pay compensation as set forth therein. Here, the State also sought to revoke Appellant for committing a violation of law, thus removing the revocation proceedings from the purview of Section 21(c). Second, had Section 21(c) governed the revocation proceedings, it provides that an inability to pay as ordered by the trial court is an affirmative defense, which the defendant must prove by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c). Appellant mistakenly argues here that the State bore the burden of proving that Appellant had the ability to pay the sums required under the terms and conditions of his community supervision. Therefore, Appellant's contentions are without merit.

In Issue Two, Appellant also complains that the evidence is insufficient to support the trial court's determination that he violated the terms and conditions of his community supervision and attempts to focus our attention on his alleged failure to make required payments pursuant thereto.

In a probation revocation hearing, the State must establish by a preponderance of the evidence that the defendant violated a condition of his probation. *Cobb v.State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The trial court is the sole trier of the facts and the credibility of the witnesses. *See Jackson v.State,* 915 S.W.2d 104, 105 (Tex.App. -- San Antonio 1996, no pet.). Consequently, appellate review of a probation revocation order is limited to a determination of

4

whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).

In determining whether the trial court abused its discretion, we view the evidence presented at the hearing in the light most favorable to the trial court's finding. *Jones v. State,* 589 S.W.2d 419, 420-21 (Tex.Crim.App. 1979). When the State has sustained its burden of proving the allegation by a preponderance of the evidence and no procedural obstacle is raised, the decision to revoke probation lies within the discretion of the trial court. *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Crim.App. 1979); *Gordon v. State,* 4 S.W.3d 32, 35 (Tex.App. -- El Paso 1999, no pet.). Under such circumstances, the trial court's discretion is substantially absolute. *Flournoy,* 589 S.W.2d at 708; *Gordon,* 4 S.W.3d at 35. Thus, the only question presented on appeal is whether the trial court abused its discretion in revoking probation. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. 1981); *Gordon,* 4 S.W.3d at 35.

To prevail, an appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State,* 571 S.W.2d 191, 193-94 (Tex.Crim.App. [Panel Op.] 1978); *Harris v. State,* 160 S.W.3d 621, 626 (Tex.App. -- Waco 2005, pet. stricken). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon,* 4 S.W.3d at 35.

Resisting arrest is a criminal offense under Texas law. TEX. PENAL CODE ANN. § 38.03(a) (West 2011). The State alleged that Appellant had committed the offense of resisting arrest, presented the probation officer's testimony that Appellant had been arrested for resisting arrest, and introduced into evidence, without objection, the final judgment adjudicating Appellant guilty of resisting arrest. This evidence is sufficient to show by a preponderance of the evidence that

5

Appellant committed an offense of state law in violation of the terms and conditions of his supervision. Consequently, the trial court did not abuse its discretion when it revoked Appellant's community supervision. *Rickels,* 202 S.W.3d at 763–64; *Gordon,* 4 S.W.3d at 35. Issues One and Two are overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

November 30, 2011

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)