Ray Don ARTERBERRY, Appellant,

v.

STATE of Texas, Appellee.

No. 12–89–00228–CR.

Court of Appeals of Texas,
Tyler.

Oct. 31, 1990.

Kathleen H. Fields, Tyler, for appellant.

Michael Sandlin, Tyler, for appellee.

PER CURIAM.

On October 28, 1988, appellant was convicted of the misdemeanor offense of driving while intoxicated and given a two-year probated sentence and a $2,000 fine. Thereafter, on August 14, 1989, after a plea of "not true," the trial court revoked appellant's probation, reduced his punishment to 120 days in jail and a $100 fine, and imposed sentence. Appellant appeals the revocation. We affirm.

On appeal, we are to review the evidence presented at the hearing in the light most favorable to the court's order and determine whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Cr.App.1983);

*Jones v. State*, 589 S.W.2d 419, 421 (Tex. Cr.App.1979). In order to satisfy its burden of proof, the State must prove that the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of probation has been violated as alleged in the motion to revoke. *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Cr.App.1978); *Friedl v. State*, 773 S.W.2d 72, 73 (Tex.App.—Houston [1st Dist.] 1989, no writ). If the State fails to meet this burden of proof, the trial court abuses its discretion if it issues an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex.Cr.App.1984).

The conditions of appellant's probation which the trial court found appellant had failed to keep are as follows:

1. pay a fine of $300 on or before June 10, 1989, to the Smith County District Adult Probation Department in monthly installments of $50 per month beginning on or before the 10th day of January, 1989 and thereafter, on or before the 10th day of each month;

2. pay court costs in the amount of $105.50 on or before November 10, 1988 to the Smith County District Adult Probation Department;

3. pay $35.00 per month supervision fee to the Smith County District Adult Probation Department beginning on or before the 10th day of November, 1988, and thereafter, a like payment on or before the 10th day of each month during the period of probation;

4. by January 1, 1989, enroll in, pay for and successfully complete a 28 day alcoholic rehabilitation outpatient program conducted by Trinity Counseling Services of Tyler, Texas.

Appellant's brief raises two points of error. By these points, appellant asserts that the trial court abused its discretion in revoking probation because appellant had established, by a preponderance of the evidence, his inability to pay the fines, fees and court costs at issue, and that the State had failed to establish that appellant's fail-ure to pay was intentional. Since inability to pay and intent are so closely intertwined, we will analyze both points together.

The TEX.CODE CRIM.PROC. art. 42.-12, § 8(c) (Vernon Supp.1989)[1] provides in relevant part that:

[i]n a probation revocation hearing at which it is alleged that the probationer violated the conditions of probation by failing to pay compensation ..., the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence.

When an "inability to pay" issue is raised, the State then must prove that appellant's failure to pay was "intentional." *Stanfield v. State*, 718 S.W.2d 734, 738 (Tex.Cr.App. 1986). The standard of review with regard to the affirmative defense of inability to pay is whether after examining all the evidence concerning the affirmative defense, a rational trier of fact could have found that the defendant *failed* to prove his defense by a preponderance of the evidence. *Hill v. State*, 719 S.W.2d 199, 201 (Tex.Cr.App. 1986).

At the revocation hearing, the State called Michelle Hults, a Smith County probation officer, as its sole witness. Ms. Hults testified that appellant had not completed the required alcoholic rehabilitation course as of their last meeting. She also stated that appellant used the excuse that he did not have the money to complete the course because his income tax refund was used to pay off his wife's traffic tickets. Ms. Hults testified that appellant still owed the probation department $75.50 in court costs (which was nine months in arrears), that appellant still owed $300 toward his fine, which amount was more than two months past due, and that appellant had not paid any of his $35 per month supervision fees since the commencement of his probation. On cross-examination, Ms. Hults testified that her file contained a financial statement for appellant which showed his and his wife's combined month-

1. Art. 42.12 § 8(c) was renumbered as § 24(b)     by Acts of the 71st Legislature in 1989.

ly income to be approximately $1,200 and their monthly expenses, *including $85 per month for probation fees,* to be $691 per month. According to the financial statement, this left appellant and his family $509 per month in disposable income, excluding monthly expenditures on food and clothing.

Following the testimony of Ms. Hults, appellant took the stand and testified to certain inaccuracies in the financial statement. He stated that his salary of $600 per month was based upon his working a full six-day week, but that actually he had only worked one full six-day week once since the commencement of his probation because when it rained, he couldn't work at the car wash. Appellant further testified that he had been out of work for "a little over a month" because business was slow. When questioned, appellant stated that he had been looking for a job, but did not specify the efforts he had made in this regard.

In reference to monthly expenditures on food, appellant testified that they spent approximately $200 per month on food for himself, his wife and his two sons. When asked whether appellant had offered to pay the probation fees and fines off a little bit at a time, appellant stated that initially he had tried to do this, but that his wife got convicted for DWI and "that took everything that we had to get her out and try to keep her caught up, you know. Or one of us anyway to be caught up." He further testified that they had been behind in their rent in June of 1989, and that their water and electricity had been turned off.

At the close of the evidence, the trial court found that each of the above enumerated conditions of probation had been violated. With reference to this, the trial court stated, "you [appellant] had the money to do more than what you did."

Reviewing the evidence in accordance with the standards enumerated above, we find the evidence insufficient to establish that appellant proved, by a preponderance of the evidence, his affirmative defense of inability to pay his court costs and probation fees. We further find that the evidence is sufficient to show that the State proved by a preponderance of evidence that appellant intentionally failed to pay those costs and fees. Proof of one of several alleged violations is sufficient to support the order revoking probation. *Moses v. State,* 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). Thus, the trial court did not abuse its discretion in revoking appellant's probation.

The judgment of the trial is affirmed.