Tracye WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–02–00090–CR.

Court of Appeals of Texas, Tyler.

Oct. 24, 2002.

Richard Kennedy, for appellant.

Edward J. Marty, Tyler, for appellee.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

LOUIS B. GOHMERT, Jr., Chief Justice.

Tracye Wilson ("Appellant") appeals the trial court's order revoking her probation. Appellant raises one issue on appeal. We affirm.

## BACKGROUND

Following her guilty plea, Appellant was convicted of delivery of between one and four grams of cocaine. Appellant was sentenced to "shock probation" for ten years.[1] On January 15, 2002, the State of Texas (the "State") filed a motion to revoke Appellant's probation alleging that Appellant used a controlled substance, to wit: opi-

ates in violation of the conditions of her community supervision order.

On February 6, 2002, Appellant pleaded "not true" to the probation violations alleged in the State's motion and an evidentiary hearing was conducted. During the hearing, Kathryn Van Demon ("Van Demon"), Appellant's probation officer, testified that on December 11, 2001, the results of a urinalysis undergone by Appellant indicated that Appellant had used opiates. Appellant testified that she had taken an opiate/pain-killer, Hydrocodone/APAP 7.5, for which she had been given a prescription following a back injury she had suffered two years before. On cross-examination, Appellant testified that she had not had any recurring injury since May 2001. Appellant further testified that she told Van Demon that she was not taking any prescription medication. Moreover, Appellant testified that she told Van Demon that she was not taking prescription medication even after she had taken Hydrocodone. At the conclusion of the hearing, the trial court found that the allegations in the State's motion to be true, revoked Appellant's probation, and sentenced Appellant to imprisonment for ten years with credit for time Appellant had previously served.

## REVOCATION OF PROBATION

■ In her sole issue, Appellant contends that the evidence is insufficient to support the trial court's revocation of her community supervision. The standard of review on appeal to a challenge of the sufficiency of the evidence to support a revocation of community supervision requires us to "review the evidence in the light most favorable to the court's order and determine whether the trial court abused its discretion." *Arterberry v.*

---

1. Shock probation involves a relatively brief term of imprisonment prior to a criminal defendant being placed on community supervision.

*State,* 800 S.W.2d 580, 581 (Tex.App.Tyler 1990, no pet.). In order to satisfy its burden of proof, the State must prove that the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of community supervision has been violated as alleged in the motion to revoke. *See Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993).

In the instant case, Appellant admitted to taking the drug Hydrocodone, which had been prescribed by a doctor for an injury that had occurred two years earlier. Appellant first argues that there is no evidence that "opiates" are the same as Hydrocodone. However, during direct examination, Appellant testified as follows:

Q: In the case before the Court today, you're accused of taking an opiate, would that substance be one of the items listed on here?

A: Yes, sir, it would be.

Q: Do you know about with which one it would be?

A: Yes, sir, I do.

Q: Which one would that be?

. . .

A: Hydrocodone/APAP 7.5.

We note that Appellant offered no timely objection that she was somehow not qualified to testify that the substance she had ingested was an opiate. Moreover, we may take judicial notice of the fact that Hydrocodone is an opiate. *See Gonzales v. State,* 723 S.W.2d 746, 751–52 (Tex.Crim. App.1987); *Granados v. State,* 843 S.W.2d 736, 738 (Tex.App.Corpus Christi 1992, no pet.); Tex.R. Evid. 201(b); Tex. Health & Safety Code Ann. § 481.102(3)(A) (Vernon Supp.2002).

Appellant next contends that since Appellant had been prescribed Hydrocodone by a doctor, that her use of the substance was not a violation of her probation order. Specifically, paragraph 8 of the conditions of Appellant's community supervision states, "Do not use, consume, [or] possess marijuana, any narcotic substance, controlled substance or dangerous drug at any time except as prescribed by a medical doctor." The State argues that the operative phrase here is "as prescribed," and that use of the word "as" imports that the drug must be used to treat the injury, pain or symptom for which it was prescribed. We agree.

In the case at hand, Appellant testified that she was prescribed Hydrocodone two years earlier for a back injury. Appellant further testified that she had not had a recurring injury since May 2001 and had taken Hydrocodone on or about December 11, 2001. Based on Appellant's testimony that she had not had any recurring injury since May 2001, it logically follows that she did not take Hydrocodone for the reasons the substance was originally prescribed to her. As such, considering the evidence in the light most favorable to the court's order, we conclude that the trial court could have reasonably concluded that the greater weight of the credible evidence before it created a reasonable belief that a condition of Appellant's community supervision had been violated as alleged in the State's motion to revoke. Therefore, we hold that the trial court did not abuse its discretion in this regard. Appellant's sole issue is overruled.

Accordingly, the trial court's order revoking Appellant's community supervision is ***affirmed.***