NO. 12-01-00313-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


SANDRA WALKER,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Sandra Walker ("Appellant") appeals the trial court's order revoking her probation, following
which Appellant was sentenced to confinement for two years. Appellant raises one issue on appeal. 
We affirm.


Background

 Appellant was charged by indictment with theft of between $1,500 and $20,000. Appellant
pleaded guilty and was sentenced to confinement for two years, probated for five years. On May 14,
2001, the State of Texas (the "State") filed its first amended motion to revoke Appellant's probation
alleging multiple violations of Appellant's probation order. A hearing was conducted on the State's
motion on September 28, 2001. On October 26, 2001, the trial court signed an order revoking
Appellant's probation.

 

Revocation of Probation and Failure to Secure a Reporter's Record 


 In her sole issue, Appellant contends that the trial court abused its discretion in revoking
Appellant's probation because certain portions of Appellant's probation order related to restitution
payments were invalid.

 The standard of review on appeal to a challenge of the sufficiency of the evidence to support
a revocation of probation requires us to "review the evidence in the light most favorable to the
court's order and determine whether the trial court abused its discretion." Arterberry v. State, 800
S.W.2d 580, 581 (Tex. App.-Tyler 1990, no pet.). In order to satisfy its burden of proof, the State
must prove that the greater weight of the credible evidence before the trial court creates a reasonable
belief that a condition of community supervision has been violated as alleged in the motion to
revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Proof of any single
alleged violation of a condition of probation is sufficient to support revocation. See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App.1980).

 In her brief, Appellant's attorney asserts that Appellant failed to provide the funds for
preparation of the reporter's record and that, accordingly, the matter was being presented on the
clerk's record alone. It is Appellant's responsibility to properly initiate the process of securing a
reporter's record. See Tex. R. App. P. 20.2 and 37.3(c)(B). The record indicates that Appellant did
not file a motion and affidavit of indigence with the trial court. Dunn v. State, 733 S.W.2d 212, 215
(Tex. Crim. App. 1987). And although Appellant's arguments that certain portions of Appellant's
probation order related to restitution payments are invalid might be reviewable without the necessity
of record references, Appellant has failed to address any of the State's grounds for revocation that
were unrelated to restitution payments. As such, by failing to timely request that a record be
provided her free of charge or by failing to request and pay for a transcription of the trial to illustrate
the purported errors raised by the issues in her brief, Appellant has waived any error and presented
nothing for us to review. See Kent v. State, 982 S.W.2d 639, 641 (Tex. App.-Amarillo 1998, pet.
ref'd); In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.) (it remains the
appellant's burden to secure a reporter's record for appeal and if Appellant fails to meet this burden,
the court presumes that the missing portions of the record supported the trial court's decision and
may also forego reviewing the dispute as authorized under appellate rule 37.3(c)). Therefore, since
Appellant failed to properly secure a reporter's record, we presume that the missing portions of the
record contain evidence to support the trial judge's decision to revoke Appellant's probation. 
Appellant's sole issue is overruled.

 Accordingly, the decision of the trial court is affirmed.



Opinion delivered December 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



































(DO NOT PUBLISH)