NO. 12-03-00325-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
AARON JOHN RUTHERFORD,                      §                 APPEAL FROM THE THIRD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Aaron John Rutherford (“Appellant”) appeals the trial court’s order revoking his community
supervision. In one issue, Appellant asserts the evidence is legally insufficient to support the trial
court’s order revoking his community supervision. We affirm.
 
BackgroundFollowing Appellant’s negotiated guilty plea for burglary of a habitation, the trial judge
assessed punishment at ten years of imprisonment and a $2,500 fine. The trial court then placed
Appellant on community supervision for ten years with twenty-two conditions. Approximately
fifteen months later, the State filed a motion to revoke Appellant’s probation based on violations of
the terms of his community supervision. Appellant pleaded “not true,” and a hearing was conducted
on the State’s motion.
            During the hearing, Angela Sheeley, probation officer for Anderson County Probation
Department, testified that she began supervising Appellant in February 2003. She provided evidence
of ten different violations of the terms and conditions of Appellant’s community supervision.
Appellant produced no witnesses. At the conclusion of the hearing, the court revoked Appellant’s
probation based on a finding that the State had carried its burden of proving all but one of the
allegations in its motion to revoke. The trial court sentenced Appellant to ten years of imprisonment.
 
Legal Sufficiency of the Evidence
Standard of Review
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment. Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61
L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, no pet.). In
reviewing the legal sufficiency of evidence, we examine the evidence in the light most favorable to
the judgment to determine whether a rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). 
            When addressing a legal sufficiency challenge in a probation revocation, we must review the
evidence in the light most favorable to the court’s order and determine whether the trial court abused
its discretion. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Arterberry v. State, 800
S.W.2d 580, 580 (Tex. App.–Tyler 1990, no pet.). If the State failed to meet its burden of proof, the
trial court abuses its discretion in issuing an order to revoke probation. Cardona v. State, 665
S.W.2d 492, 493-94 (Tex. Crim. App. 1984).
Discussion
            In his sole issue, Appellant asserts that the evidence is legally insufficient to support the trial
court’s order. Specifically, Appellant claims that the State failed to meet its burden of showing by
a preponderance of the evidence that Appellant intentionally violated a condition imposed by the
court. See Cobb, 851 S.W.2d at 873 (State’s burden of proof in a revocation proceeding is by a
preponderance of the evidence). The State’s burden of proof is satisfied if the greater weight of
credible evidence creates a reasonable belief that the defendant violated a condition of his
community supervision as alleged by the State. Solis v. State, 589 S.W.2d 444, 447 (Tex. Crim.
App. 1979).
            Sheeley, Appellant’s probation officer, testified to ten different violations of Appellant’s
terms and conditions of community supervision. Specifically, Sheeley testified that Appellant failed
to (1) pay for drug testing, (2) perform the minimum number of hours required in the community
service restitution program, (3) pay his court-appointed attorney’s fees, (4) pay community
supervision fees, (5) pay court costs, (6) pay the imposed fines, (7) pay the Crimestoppers fee, (8)
report to his probation officer as required, (9) attend a 12-step recovery program, and (10) attend a
substance abuse sanctions program. Appellant produced no evidence to contradict Sheeley’s
testimony. Proof by a preponderance of the evidence of any one of the alleged violations of the
probation conditions is sufficient to support the revocation order. Moses v. State, 590 S.W.2d 469,
469 (Tex. Crim. App. 1979). Therefore, we conclude the trial court did not err in finding the State
had met its burden.
 
Additional Arguments
            In presenting his sole issue, Appellant also raises four sub-issues. He first argues that the
court's decision to impose a ten-year sentence was an abuse of discretion because the violations
proved by the State were too insignificant to warrant the maximum sentence. This argument
assumes that the punishment was imposed because Appellant violated the terms of his community
supervision. However, that is not the case. The ten-year sentence was imposed as punishment for
the second-degree felony to which Appellant pleaded guilty and for which he was convicted. See
Atchison v. State, 124 S.W.3d 755, 759-60 (Tex. App.–Austin 2003, pet. ref’d). “If community
supervision is revoked . . . , the judge may proceed to dispose of the case as if there had been no
community supervision. . . .” Tex. Code Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp. 2004). 
In other words, the judge may impose the sentence originally assessed. The trial court was within
its discretion to impose the original sentence of ten years. 
            Appellant next argues the trial court’s order was vague, general in nature, and failed to
include specific findings of violations of the terms and conditions of probation. In our review of the
record, we note that Appellant did not request the trial court to make specific findings. Without a
request for specific findings, there is no reversible error when a trial court fails to make such
findings. Russell v. State, 685 S.W.2d 413, 417 (Tex. App.–San Antonio 1985), aff’d, 702 S.W.2d
617 (Tex. Crim. App. 1985). 
            Appellant also argues the trial court erred by refusing to have a presentence investigation
report prepared prior to sentencing. Finally, he contends he was deprived of the opportunity to cross-examine the actual source of the statements that were contained in the probation officer’s reports. 
However, Appellant failed to object on either ground at the hearing. Consequently, he waived error,
if any. See Tex. R. App. P. 33.1; Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995)
(party must make a timely, specific objection in the trial court to preserve a complaint for appellate
review).
 
Conclusion
            Based upon our review of the record and viewing the evidence in the light most favorable
to the trial court’s order, we conclude that the State met its burden of creating a reasonable belief that
a condition of probation was violated. Consequently, a rational trier of fact could have found by a
preponderance of the evidence that Appellant violated conditions of his community supervision. We
also conclude that Appellant’s four sub-issues are without merit. Therefore, the trial court did not
abuse its discretion in revoking Appellant’s probation. Appellant’s sole issue and four sub-issues
are overruled. The trial court’s order revoking Appellant’s community supervision is affirmed.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered September 8, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.







(DO NOT PUBLISH)