# NO. 12-17-00250-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES EDWARD BASS,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Edward Bass appeals his conviction for making a false statement to obtain credit. In three issues, he argues that the trial court's restitution order is not supported by sufficient evidence, the trial court's withholding order is not supported by the bill of costs, and the trial court's judgment incorrectly reflects his plea. We modify the trial court's judgment, and affirm as modified.

### BACKGROUND

Appellant was indicted for the felony offense of making a materially false statement to obtain credit. On August 15, 2016, Appellant pleaded "guilty" pursuant to a plea agreement, and the State recommended five years deferred adjudication community supervision with $10,000 in restitution. The trial court's written order of deferred adjudication reflected that Appellant owed $229 in court costs and $10,000 in restitution to Peltier Auto.

Subsequently, the State filed a motion to adjudicate Appellant's guilt, alleging that Appellant violated the terms of his community supervision. After a hearing, the trial court found the allegations in the state's motion to adjudicate "true" and revoked his community supervision. The trial court sentenced Appellant to five years of imprisonment. This appeal followed.

In Appellant's first and second issues, he argues that the trial court erred because the judgment and withholding order reflect that Appellant owes $10,000 in restitution and $229 in court costs, despite undisputed evidence in the record that Appellant made some payments towards restitution and court costs. The State concedes error on these two points. We will address issues one and two together.

## Standard of Review and Applicable Law

Texas law authorizes a sentencing court to order payment of restitution to the victim for losses sustained as a result of the convicted offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2017). Due process requires a factual basis in the record for the amount of restitution ordered. *Martin v. State*, 874 S.W.2d 674, 676 (Tex. Crim. App. 1994*); see also Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980). Further, restitution must be "just," that is, supported by sufficient factual evidence in the record that the expense was incurred. *Thompson v. State*, 557 S.W.2d 521, 525-26 (Tex. Crim. App. 1977).

Challenges to the sufficiency of the evidence supporting a restitution order can be raised for the first time on appeal. *Idowu v. State*, 73 S.W.3d 918, 921-22 (Tex. Crim. App. 2002). We review a trial court's restitution order for abuse of discretion. *Cartwright*, 605 S.W.2d at 289. The trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). Thus, we review the record to determine if there was sufficient factual evidence of an amount which the court could find "just." *Cartwright*, 605 S.W.2d at 289.

Court costs are pre-determined, legislatively-mandated obligations resulting from a conviction. *Houston v. State*, 410 S.W.3d 475, 477–78 (Tex. App.—Fort Worth 2013, no pet.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). "Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified." *Petty v. State*, 438 S.W.3d 784, 803 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006 (West 2006 and West Supp. 2017). "Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient." *Johnson*, 423 S.W.3d at 396.

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See* **Armstrong v. State**, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See* **Mayer v. State**, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); **Johnson v. State**, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.).

**Analysis**

During the hearing on the State's motion to adjudicate guilt, a community supervision officer from Smith County testified that Appellant made some payments towards restitution, and the attorney representing the State told the court Appellant still owed $9,280 in restitution. Nevertheless, the trial court's judgment adjudicating guilt and withholding order both state that Appellant owes $10,000 in restitution. Thus, the trial court's judgment and withholding order are not "just" because they are not supported by a factual basis in the record. *See* **Martin**, 874 S.W.2d at 676; *see also* **Cartwright**, 605 S.W.2d at 289; **Thompson**, 557 S.W.2d at 525-26. Therefore, the trial court abused its discretion and we sustain Appellant's first issue.

With respect to court costs, the clerk's record contains a certified, itemized bill of costs electronically signed by a representative of the district clerk's office, who is entitled to receive payment of the costs. *See* **Petty**, 438 S.W.3d at 803. The bill of costs reflects that Appellant paid $100 towards court costs and owes an additional $129. The trial court's judgment adjudicating guilt indicates that Appellant owes $129 in court costs; however, the trial court's withholding order states that Appellant owes $229 in court costs. Because some costs have already been paid, as evidenced by the bill of costs, the evidence is insufficient to support the trial court's withholding order reflecting $229 in court costs. *See* **Lack v. State**, 12-13-00052-CR, 2013 WL 3967698, at *1 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication). Accordingly, we sustain Appellant's second issue.

## APPELLANT'S PLEA

In Appellant's third issue, he argues "although not substantive error, the written judgment of the trial court reflects that Mr. Bass entered pleas of 'true' to the charged allegations…however, the record is clear from the transcribed proceedings that Appellant, in fact, contested all of the allegations made against him." Appellant urges this court to reform the judgment to reflect that he entered pleas of "not true" to the State's allegations.

The State argues "the trial court never elicited formal pleas from Bass regarding the alleged community supervision violations, but they can be deduced from his testimony…because his explanations are fairly described as admissions, it is more accurate to say that he pleaded 'true' than 'not true.'" The State urges us to overrule Appellant's third issue.

**Analysis**

The record reflects that the trial court did not ask Appellant to enter a formal plea of "true" or "not true" to the allegations in the State's motion to adjudicate. The record indicates that the trial court admonished Appellant of the consequences if the court found the allegations in the State's motion "true," then asked the parties "do you have the admonishments stipulation of evidence, or is this going to be a full hearing?" The attorney representing the State responded, "[I]t's going to be a full hearing, is my understanding, Your Honor." The trial court then asked if the State was ready to proceed and the State responded that it was. The State offered testimony from the community supervision officer regarding Appellant's community supervision violations. Appellant and his wife testified in his defense.

Article 42A of the code of criminal procedure states that upon violation of a condition of deferred adjudication community supervision, the defendant is entitled to a hearing limited to a determination by the court of whether the court will proceed with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. arts. 42A.108 (a), (b), 42A.751(d) (West Supp. 2017). At the hearing, the State must prove that the greater weight of the credible evidence before the trial court creates a reasonable belief that a condition of probation has been violated as alleged in the motion to revoke. *See Arterberry v. State*, 800 S.W.2d 580, 581 (Tex. App.—Tyler 1990, no pet.). A plea of true, standing alone, is sufficient to support a trial court's revocation order. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

Here, Appellant never entered a plea of true, nor did he sign a stipulation of evidence admitting to the State's allegations. *See id.* (holding that appellant's plea of true and written stipulation offered into evidence supported the court's finding the violation true). The State urges us to infer a plea of true based on Appellant's testimony. We decline to do so. The trial court's statements regarding a "full hearing," the State's presentation of live testimony to support the allegations, and the absence of written stipulations to the allegations make clear that Appellant was not pleading "true" to the State's allegations. Accordingly, we sustain Appellant's third issue.

4

## CONCLUSION

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *See* TEX. R. APP. P. 43.21(B); ***Brewer v. State***, 572 S.W.2d 719, 723 (Tex. Crim. App. 1978); ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the trial court's judgment should be modified to reflect pleas of "not true" to the State's allegations. *See* TEX. R. APP. P. 43.2(b); *see also **Brewer***, 572 S.W.2d at 723; ***Ingram***, 261 S.W.3d at 754; ***Davis***, 323 S.W.3d at 198. Furthermore, the trial court's judgment and withholding order should be modified to reflect the correct amount of restitution and court costs. *See* TEX. R. APP. P. 43.2(b); *see also **Brewer***, 572 S.W.2d at 723; ***Ingram***, 261 S.W.3d at 754; ***Davis***, 323 S.W.3d at 198.

Accordingly, having sustained Appellant's first, second, and third issues, we ***modify*** the trial court's judgment adjudicating guilt by deleting "$10,000" under "Restitution" and replacing it with "$9,280." We further ***modify*** the trial court's judgment adjudicating guilt by deleting "True" under "Plea to Motion to Adjudicate" and replacing it with "not true." We ***modify*** the trial court's withholding order to delete "$10,229" and replace it with "$9,409." We ***affirm*** the judgment of the trial court as ***modified***.

**GREG NEELEY**
Justice

Opinion delivered April 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 18, 2018**

**NO. 12-17-00250-CR**

**JAMES EDWARD BASS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1321-15)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** by deleting "$10,000" under "Restitution" and replacing it with "$9,280." We further **modify** the trial court's judgment adjudicating guilt by deleting "True" under "Plea to Motion to Adjudicate" and replacing it with "not true." We **modify** the trial court's withholding order to delete "$10,229" and replace it with "$9,409" **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*